[Sac. No. 4232. In Bank.—December 31, 1928.]

I. K. OHAVER, Respondent, v. PHILIP FENECH et al., Appellants.

Grover O'Connor and Huston, Huston & Huston for Appellants.

Robt. H. Schwab and John A. McGilvray for Respondent.

CURTIS, J.—On the twenty-first day of April, 1927, the appellants Philip Fenech, Sam Borg and Antonio Ciapparro entered into a contract with the city of Sacramento whereby they undertook and agreed to collect all wet garbage from the hotels, restaurants, hospitals and clubs in said city for a period of ten years and to convey the same in sanitary steel garbage wagons under the direction of the city manager of said city to a place without said city. In this agreement said appellants obligated themselves to establish a ranch for the feeding of said garbage to hogs at a point not nearer than ten miles to said city of Sacramento, and that they would deposit with said city a bond of a reliable surety company in the sum of $5,000 for the faithful performance of said contract. Pursuant to said contract said appellants have deposited such a bond. They thereafter assigned their said contract to a copartnership consisting of four persons—the said appellants Philip Fenech and Sam Borg and appellants Eugene Ciapparro and P. Grech. The members of said partnership will be herein referred to as the appellants. For the purpose of carrying out their said contract said appellants leased the Borchers Bros. Co. ranch for the period of ten years at a monthly rental of $250 per month, and have established, and are now maintaining at said ranch, feeding pens and other necessary appliances for the purpose of keeping a large number of hogs to which they are feeding the garbage collected by them from the hotels and other establishments of the city of Sacramento. The value of said hogs, it is alleged, is in excess of the sum of $30,000.

This action was instituted by respondent in the superior court of the county of Yolo, the county in which said Borchers Bros. Co. ranch is situated, for an injunction restraining appellants from shipping to or receiving at said ranch any of said garbage, which is described to be of a putrid, fermenting, decayed and decaying character, and from feeding the same to the hogs maintained at said ranch. Thereafter respondent moved the court, after due notice to appellants, for a temporary injunction restraining the appellants from the commission of any of the acts just enumerated, which motion was granted, and on the twenty-fifth day of July, 1928, there was issued out of said superior court, in pursuance of its order granting said motion, a writ of injunction directed to the appellants restraining them until the further order of said court from shipping or receiving at the said Borchers Bros. Co. ranch any garbage or similar material of a putrid, fermenting, decayed or decaying character and from feeding said or any garbage to hogs in the locality of the said ranch. On July 26, 1928, and within the time allowed by law, the appellants filed with said superior court their notice of appeal to this court from said order and thereupon applied to the judge of said superior court for an order staying all further proceedings under said order and injunction issued thereunder, but the judge of said court refused to order a stay of said proceedings and stated that in his opinion said appeal did not stay said injunction or any proceedings thereunder. Appellants thereupon filed their petition herein for a writ of *supersedeas* directed to said superior court and the judge thereof restraining all further proceedings under said injunction pending said appeal. In said petition the foregoing facts are set forth and in addition thereto it·is alleged therein that it is practically impossible before the trial of said action to find and prepare a proper place where the appellants may maintain said hogs and where said garbage may be disposed of by feeding the same to said hogs.

It is the position of the appellants that the injunction issued herein is a mandatory injunction and accordingly that all proceedings thereon are stayed on appeal. That all proceedings on a mandatory injunction are stayed by an appeal therefrom is well settled by the decisions of this court (*Stewart* v. *Superior Court,* 100 Cal. 543 [35 Pac. 156,

563]; *State Inv. & Ins. Co.* v. *Superior Court,* 101 Cal. 135 [35 Pac. 549]; *Foster* v. *Superior Court,* 115 Cal. 279 [47 Pac. 58]; *Mark* v. *Superior Court,* 129 Cal. 1 [61 Pac. 436]; *Clute* v. *Superior Court,* 155 Cal. 15 [132 Am. St. Rep. 54, 99 Pac. 362]; *United Railroads* v. *Superior Court,* 172 Cal. 80 [155 Pac. 463]).  ▌ It is equally well settled that an injunction which is strictly prohibitive in character is not stayed on appeal from the order granting the same (*Wolf* v. *Gall,* 174 Cal. 140 [162 Pac. 115]). In this case the court said: "By a line of decisions beginning with the early history of the state, the rule has been settled that an appeal does not stay the force of a prohibitive injunction, and that the lower court has full power to punish a violation of such injunction pending the appeal. (*Merced Min. Co.* v. *Fremont,* 7 Cal. 130; *Heinlen* v. *Cross,* 63 Cal. 44; *United Railroads of S. F.* v. *Superior Court of San Francisco,* 172 Cal. 80 [155 Pac. 463].) It is otherwise where it is mandatory. The reason for this distinction is found in the inherent nature of an order which merely restrains or prohibits affirmative action. An appeal can operate as a *supersedeas* or stay only by arresting the enforcement by the court below of the judgment appealed from. (*Dulin* v. *Pacific Wood & C. Co.,* 98 Cal. 304 [33 Pac. 123].) A prohibitive injunction needs no execution for its enforcement. It acts 'directly without process upon the defendant' (*Heinlen* v. *Cross,* 63 Cal. 44). In the case of a mandatory injunction, on the other hand, the contempt proceeding is a kind of process to carry into execution the affirmative command embodied in the judgment."

In the present action the order granting the issuance of the injunction expressly refers to it and designates it as a mandatory injunction. ▌ The character of an injunction, however, and whether it is prohibitive or mandatory in its operation upon the parties whom it affects, is determined not so much by the particular designation given to it by the court directing its issuance, as by the nature of its terms and provisions, and the effect upon the parties against whom it is issued (*Clute* v. *Superior Court, supra*). ▌ As a general rule, we think we may say that when the injunction merely grants preventive relief it is prohibitive, but when it directly or indirectly grants affirmative relief it is man-

datory. (*Mark* v. *Superior Court, supra.*) ▮ An injunction may grant both prohibitive and mandatory relief, and when it is of this dual character, and an appeal is taken, such appeal will not stay the prohibitive features of the injunction, but as to its mandatory provisions said injunctions will be stayed (*People* v. *Laine,* 177 Cal. 742 [171 Pac. 941]).

The main purpose of the present action, as shown by the petition and answer herein, is to restrain the appellants from shipping or receiving into the locality in which the respondent's property is situated the garbage from the hotels and restaurants of the city of Sacramento and from feeding the same to hogs in said locality. This garbage when brought to said ranch and fed to said hogs, it was alleged, and the court found, so infected and polluted the atmosphere in the surrounding territory, including the premises upon which the respondent resides, as to endanger the comfort and health of respondent and his family and to obstruct the free use and comfortable enjoyment by respondent and his family of their home situated upon said premises.

▮ It is perfectly clear from the authorities above cited that the injunction issued in this case restraining the appellants from shipping garbage and feeding the same to the hogs maintained by them at the Borchers Bros. Co. ranch is prohibitive in character and that its operation and effect are not stayed by the appeal taken from the order directing its issuance. ▮ It is contended by appellants that these restrictions upon the disposal of said garbage will necessarily require the removal by them of the hogs from the locality in which they are now maintained, and that the effect of said injunction will therefore be to compel them to take affirmative action in removing said hogs. This does not necessarily follow. The appellants may feed their hogs other food and maintain them in such a manner as not to render them a nuisance to their neighbors. So long as they pursue this course the prohibitive terms of the injunction above set forth will not make it necessary for them to make any change in the locality in which their hogs are kept.

▮ Appellants further contend that this court has the inherent power to issue a writ of *supersedeas* so as to preserve the *status quo* of the subject of the litigation until the

final determination of the appeal. There is no question but that this court possesses such power (*People* v. *Jackson*, 190 Cal. 257 [212 Pac. 4]; *Luckenbach* v. *Krempel*, 188 Cal. 175 [204 Pac. 591]; *Rogers* v. *Superior Court*, 158 Cal. 467 [111 Pac. 357]). ▮ The question is then presented whether the appellants have presented such a state of facts as will justify this court in exercising this power in their behalf. They have called to our attention the contract entered into by their assignors with the city of Sacramento, and the large outlay of time and money expended by them for the purpose of carrying this contract into effect, and the consequent hardship and loss they will sustain if the injunction is not stayed. These considerations, while important, are not sufficient to warrant this court in granting the appellants the relief prayed for when the direct effect of such action by this court would be to deprive the respondent of the free use and enjoyment of his property. "In such case it cannot be said that injury would result from an injunction, for no man can complain that he is injured by being prevented from doing to the hurt of another that which he has no right to do. Nor can it make the slightest difference that the plaintiff's property is of insignificant value to him as compared with the advantages that would accrue to the defendants from its occupation. There can be no balancing of conveniences when such balancing involves the preservation of an established right, though possessed by a peasant only to a cottage as his home, and which will be extinguished if relief is not granted against one who would destroy it in artificially using his own land." (*Hulbert* v. *California etc. Cement Co.*, 161 Cal. 239, 248 [38 L. R. A. (N. S.) 436, 118 Pac. 928, 932].)

Let the temporary order staying the operation of the injunction be dismissed and the petition be denied.

Shenk, J., Seawell, J., Langdon, J., Preston, J., Richards, J., and Waste, C. J., concurred.

Hearing in Bank denied.

All the Justices concurred.