[S. F. No. 15496.   In Bank.—February 7, 1936.]

DRY CLEANERS AND DYERS INSTITUTE OF SAN FRANCISCO AND BAY COUNTIES, INC. (a Corporation), Respondent, v. PHIL REISS et al., Appellants.

Herbert Choynski for Appellants.

Jerome Politzer and Walter H. Duane for Respondent.

CURTIS, J.—In this action the court, upon the filing of the complaint herein, issued its order directed to the defendants to appear in said court and show cause why an injunction should not be issued restraining them "from doing, advertising to do, and from offering to do or from selling any

dry cleaning service at retail less than the" minimum price set out in a schedule of prices set forth in said complaint. In response to said order said defendants appeared, and a hearing was had upon the application of plaintiff for a temporary injunction directed to defendants restraining them during the pendency of this action from doing any of the acts enumerated in said order to show cause mentioned above, and at the conclusion of said hearing, and as a result thereof, the *court directed that a temporary injunction issue as prayed* for in its said complaint. From this order the defendants have appealed. The trial court threatenes to enforce said injunction by contempt proceedings against the defendants, and as a result of said threatened proceedings the defendants are now before this court asking for a writ of *supersedeas* staying the enforcement of said temporary injunction.

The first ground upon which the defendants based their right to said writ is that the injunction issued by the court is a mandatory injunction and therefore an appeal therefrom automatically stays its execution. As we have seen, the injunction restrains the defendants from charging for any dry cleaning service performed by them less than the minimum price fixed by said schedule. Defendants construe this mandate of the court as requiring them to carry on their business as dry cleaners and charge for the service rendered by them the minimum price fixed as aforesaid and therefore that such a mandate is a mandatory injunction which requires them to do an affirmative act. We cannot agree with defendants in the interpretation of the language of said order of injunction. By its terms the defendants are not required to perform any act whatever. They may sit by and do nothing and permit their plant to remain idle. The only requirement that the injunction lays upon them is that if they do engage in business as dry cleaners they shall not charge for their work a price less than the schedule of prices fixed in said schedule.

The same question practically was before the court in the case of *Ohaver* v. *Fenech*, 206 Cal. 118 [273 Pac. 555], where the defendant was enjoined from feeding his hogs the garbage from the city of Sacramento. He appealed from the injunction and contended that the injunction was a mandatory injunction in that its effect was to compel him to remove his hogs to some other locality and that a compliance would require affirmative action on his part. He, therefore, con-

tended that his appeal stayed the injunction. The court, however, held that under the injunction he was only required to refrain from feeding his hogs the objectionable material; that the hogs might be kept where they were and given other food and that the injunction could not be distorted into an order requiring the removal of the hogs. So in the case before us, the defendants may carry on their business as before and the only act they are restrained from performing is that of charging less than the specified rates for their services. The requirement compelling them to charge these minimum rates if they carry on their business does not purport to direct them to carry on their business or perform any other affirmative act. They may continue in business as before and charge the fixed rates, or even rates higher than those fixed by the written agreement, or they may cease business temporarily pending the appeal from the order of injunction.

██ "An order or decree restraining the further continuance of an existing condition does not take on the character of a mandatory injunction merely because it enjoins the defendants from continuing to do the forbidden acts. An injunction that restrains the continuance of an act or series of acts may be just as much of a preventive or prohibitory injunction as one that restrains the commission of an act. (*State* v. *Superior Court,* 39 Wash. 115 [80 Pac. 1108, 109 Am. St. Rep. 862, 4 Ann. Cas. 229, 1 L. R. A. (N. S.) 554]; *United Railroads* v. *Superior Court,* 172 Cal. 80, 85–87 [155 Pac. 463], and cases there cited.)'' (*Jaynes* v. *Weickman,* 51 Cal. App. 696, 699 [197 Pac. 672].)

██ In this proceeding we are not called upon, nor is it within our province, to determine the validity of the order of injunction. That question must be left for determination by the court at the hearing of the appeal from said order. The question, therefore, which the defendants have raised in their petition as to whether or not the defendants signed said written agreement fixing the schedule of prices is not pertinent to any issue now before us. The trial court evidently found that this agreement was signed by the defendants and this finding cannot be inquired into in a petition for a writ of *supersedeas.* The case of *Endicott* v. *Harry Rosenthal,* 216 Cal. 721 [16 Pac. (2d) 673], cited by defendants construed a contract having possibly some of the features contained in the written agreement involved herein. That case

may be of assistance to the court when it comes to the consideration of the appeal from the order of injunction, but it serves no such purpose at the present.

The purpose of the writ of *supersedeas* is to maintain the subject of the action *in status quo* until the final determination of the appeal, in order that the appellant may not lose the fruits of a meritorious appeal. Conceding that this court has the power to issue such a writ suspending the execution of a prohibitory injunction, no sufficient showing has been made in this proceeding which would justify the court in issuing the writ. The defendants are permitted to continue in business and to carry it on as before with the single exception that they must conform to the injunctive order of the court as to prices. No showing is made whatever that they, or either of them, will suffer irreparable injury, or any injury, whatever by meeting the conditions of the injunction. They therefore have not presented to this court a state of facts sufficient to justify it in exercising its power in their behalf. (*Hulbert* v. *California Portland Cement Co.*, 161 Cal. 239, 246 [118 Pac. 928, 38 L. R. A. (N. S.) 436] ; *Ohaver* v. *Fenech,* 206 Cal. 118, 124 [273 Pac. 555].)

Petition for *supersedeas* denied and the temporary order staying the operation of said temporary injunction is hereby dissolved.

Langdon, J., Shenk, J., Thompson, J., Waste, C. J., and Seawell, J., concurred.

Petition for rehearing and amendment to petition for a writ of *supersedeas* denied.