[L. A. No. 17877.   In Bank.—June 25, 1941.]

FOOD AND GROCERY BUREAU OF SOUTHERN CALIFORNIA, Respondent, v. HAROLD B. GARFIELD, Appellant.

Desser & Rau for Appellant.

Cupp, Hunt & Henderson for Respondent.

PULLEN, J., *pro tem.*—Petition for writ of *supersedeas* to suspend the operation of a preliminary injunction pending an appeal from it by petitioner.

Petitioner operates ten retail drug stores in widely separated trade areas in Los Angeles County. The present action was brought to restrain him from using merchandising methods which are allegedly violative of the Unfair Practices Act (Deering's Gen. Laws, Vol. 2, Act 8781, p. 4157), with complaint directed particularly against the practice of issuing trading stamps to purchasers, on the ground that such stamps constitute a "gift" within the prohibition of section 3 of the act. By answer and affidavit petitioner admitted the use of trading stamps in his business, but denied that they constitute a "gift," or that they are issued in violation of either the spirit or the letter of the act, or for the purpose of injuring competitors, or destroying competition.

On February 25, 1941, the trial court granted a preliminary injunction directing petitioner to refrain, pending a final determination of the cause, from directly or indirectly "(a) Giving away, or offering or advertising the intent to give away, any article, or product, or commodity, or thing or things of value, or any stamp, or coupon, or certificate redeemable in or exchangeable for any thing or things of value, or any premium, or prize, or gift, for the purpose of injuring competitors or destroying competition," or "(b) Engaging in, or continuing to engage in, the 'Mid-City Profit Sharing Stamp Plan' described in the complaint in this action, for the purpose of injuring competitors or destroying competition." Petitioner appealed from this decree and also asked that its operation be stayed pending the appeal. Upon denial of the application for a stay, this original proceeding for writ of *supersedeas* was instituted.

Petitioner alleges that although the injunction is prohibitory in form, it is mandatory in effect because it requires him to take the affirmative action of changing his entire method of doing business. Since 1932 it has been his practice to issue trading stamps to those who patronize his chain of drug stores. One stamp of the value of two mills is given with each ten cent purchase except on "double stamp days," when two stamps are given with each such purchase. The stamps may be pasted in a book designated "Profit Sharing Stamp Book," and when 500 are accumulated, petitioner will redeem them for $1.00 in cash, or for merchandise to the value of $1.25. According to petitioner, the growth of his business has been due in a large measure to attracting trade by use of the stamp plan, and the future prosperity of his chain of stores is dependent upon a continuance of this merchandising practice. More than half of his customers receive and later redeem the stamps, and if he is forced to stop issuing them these customers will be alienated. They will lose the redemption value of the stamps which they have already accumulated and it may be impossible to retain or regain their patronage, even at the expense of costly advertising. Therefore, unless operation of the preliminary injunction is stayed, petitioner will suffer irreparable injury and damage, so severe as to in effect deprive him of the fruits of his appeal, should he be successful in securing a reversal of the injunction. On the other hand, plaintiff will not be harmed by a suspension of operation of the decree. As a trade association, it is merely proceeding under the broad equitable provisions of section 10 of the act, which permits any person to enjoin unfair practices, without allegation or proof of actual damage. Petitioner asserts that many members of plaintiff association are themselves carrying on the business practices here under attack, and have been content for many years to countenance such methods without protest. In fact, it is on this ground that petitioner has raised defenses of laches and estoppel, which will be determined on the hearing of the appeal on the merits.

■ The law governing issuance of the writ of *supersedeas* to stay operation of an injunction pending an appeal therefrom is well settled. If the injunction is mandatory in character, it is automatically stayed by the appeal, and upon a mistaken attempt of the trial court to enforce it, the appellant

is entitled as a matter of right to issuance of the writ of *supersedeas*. If on the other hand the injunction is prohibitory, it is self-executing and its operation is not stayed by the appeal. ■ The question of whether a decree is of the one character or the other is sometimes a difficult one, as an order which is entirely negative or prohibitory in form may prove upon analysis to be mandatory and affirmative in essence and effect, or the decree may partake of a dual nature, in which event an appeal will stay operation of the mandatory features but not of the prohibitory. (*Schwarz* v. *Superior Court,* 111 Cal. 106 [43 Pac. 580]; *Ohaver* v. *Fenech,* 206 Cal. 118 [273 Pac. 555]; *Feinberg* v. *One Doe Co.,* 14 Cal. (2d) 24 [92 Pac. (2d) 640]; *Byington* v. *Superior Court,* 14 Cal. (2d) 68 [92 Pac. (2d) 896]; 2 Cal. Jur., sec. 196 et seq., p. 439 et seq.).

■ Even in the case of a purely prohibitory decree, however, where there is no automatic stay and the appellant is not entitled to a writ of *supersedeas* as a matter of right, this court has inherent power to issue the writ if such action is necessary or proper to the complete exercise of its appellate jurisdiction. (*Ohaver* v. *Fenech, supra; People* v. *Associated Oil Co.,* 211 Cal. 93 [294 Pac. 717]; *Goodall* v. *Brite,* 1 Cal. (2d) 583, 586 [36 Pac. (2d) 190]; *Dry Cleaners & Dyers Inst.* v. *Reiss,* 5 Cal. (2d) 306, 310 [54 Pac. (2d) 470]; *Nuckolls* v. *Bank of California,* 7 Cal. (2d) 574 [61 Pac. (2d) 927]; *Clayton* v. *Schultz,* 12 Cal. (2d) 703, 708 [87 Pac. (2d) 355].)

■ The preliminary injunction here under review purports to be purely prohibitory; for purposes of the present proceeding it may be assumed to be wholly of that nature. The sole question then is whether the showing made by petitioner is such as will justify this court in exercising its inherent power in his behalf. We think that it is. This conclusion is not based upon a balancing of conveniences or hardships, which is not the proper test (*Hulbert* v. *California etc. Cement Co.,* 161 Cal. 239 [118 Pac. 928, 38 L. R. A. (N. S.) 436]; *Ohaver* v. *Fenech, supra; Dry Cleaners & Dyers Inst.* v. *Reiss, supra*), but upon a consideration of the respective rights of the litigants, which contemplates the possibility of an affirmance of the decree as well as of a reversal. (*Clayton* v. *Schultz, supra.*)

The merchandising practice employed by petitioner is one of long standing. No doubt its abrupt abolishment would cause disruption in the orderly conduct of his business and a loss of patronage and customer good will, possibly so irreparable as to deprive him of the fruits of a meritorious appeal. This situation is such as to warrant issuance of the writ of *supersedeas*. The stay of proceedings will remove petitioner's risk of loss, and it may be granted without injury to or destruction of any rights which may be established in behalf of plaintiff trade association if the decree is affirmed. Plaintiff's complaint that the effect of a stay will be to compel members of its association to continue to cope with competition arising from petitioner's activities during pendency of the appeal, carries no weight in view of the many years of delay in instituting this proceeding and petitioner's assertion, undenied by plaintiff, that some of those members are themselves using the very merchandising methods here under attack. Plaintiff admits that of itself it is not injured by petitioner's activities and the preliminary injunction specifically eliminates the requirement for the posting of a bond or undertaking.

Plaintiff argues that the injunction only restrains petitioner from committing violations of the Unfair Practices Act, and therefore petitioner is not entitled to object to the restraint, for one is never injured by being kept from the commission of illegal or criminal acts. This argument overlooks the fact that although the injunction is framed partly in terms of the act, it is directed essentially against the issuance of trading stamps, and the record shows that that practice is the basis of the charge against petitioner. The issuance of these stamps is not forbidden in so many words by the act. Whether it comes within the general language of the provisions and is violative thereof is the main issue to be determined by the appeal. The correctness of the trial court's ruling on the subject, and the question of what the ultimate decision should be, are not matters of concern in this proceeding. The fact that the practice has been countenanced for many years without objection, coupled with other circumstances here shown, impels the conclusion that petitioner is entitled to be protected in the continued operation of his business without disturbance during the period of his appeal.

It is therefore ordered that a writ of *supersedeas* issue staying all proceedings in the court below until the final determination by this court of the cause on appeal.

Shenk, J., Traynor, J., Carter, J., Edmonds, J., and Gibson, C. J., concurred.