[L. A. No. 18829.   In Bank.   Feb. 14, 1944.]

BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA, Respondent, v. E. K. JAMESON, Appellant.

Booth B. Goodman for Appellant.

H. E. Lindersmith for Respondent.

SHENK, J.—The Board of Dental Examiners brought an action in the Superior Court in and for Los Angeles County to enjoin the defendant from engaging in acts alleged to constitute the practice of dentistry. The trial court issued an injunction, and the defendant is prosecuting an appeal from the judgment ordering the same. By the present proceeding he seeks the writ of supersedeas to stay the enforcement of the judgment pending appeal.

The petition shows the following:

The defendant is not licensed to practice dentistry. He operates the E. K. Jameson Dental Laboratories and is skilled in the manufacture of dental bridges, dentures and plates, a business in which he has been engaged for a long period of time. It was stipulated that he published the following advertisement:

"Perfect
DENTAL PLATES
Are NOT Expensive
If You Arrange to Deal with
Manufacturing Dental Laboratory.

This is not a dental office, but a laboratory. Our entire facilities are devoted to the building of fine plates which you may arrange to purchase at our low laboratory rates.

Plates Repaired and Rebuilt
E. K. JAMESON DENTAL LABORATORIES
4157 W. 5th St., at Western   PHONE EXpstn 1000"

It was also stipulated that in the manufacture of dental bridges, dentures and plates, the defendant accepted work only directly from, or accompanied by written authorization of, a licensed dentist.

The trial court granted the injunction apparently on the theory that the alleged act of advertising was an act in the practice of dentistry, and enjoined the defendant from "carrying on or conducting in the State of California the practice of dentistry, as defined in the Dental Practice Act." The defendant's application to that court for a stay of execution pending appeal was denied.

The question whether the publication of the advertisement constituted an act in the practice of dentistry is not involved in this proceeding. That is a question to be determined on the consideration of the merits of the appeal.

It is obvious that the injunction is not mandatory and therefore is not stayed by the appeal. Compliance with the injunction will not require the defendant to do anything. He is merely required to refrain from doing anything that might be deemed the practice of dentistry. Under the stipulated facts the only act directly affected by the restraint is the act of publishing the quoted advertisement. Therefore the only question here is whether the defendant's continuation of the publication of the quoted advertisement pending appeal is essential to the complete exercise of appellate jurisdiction, or is required in order to preserve to the defendant the fruits of his appeal.

The test of whether appellate jurisdiction will be safeguarded is based upon a consideration of the respective rights of the litigants, which contemplates the possibility of affirmance as well as of reversal. (*Food & Grocery Bureau*

v. *Garfield,* 18 Cal.2d 174 [114 P.2d 579].) The defendant asserts that the sale of products manufactured by him in his laboratory is greatly affected by advertising; that the enforcement of the injunction pending appeal will result in great financial loss to him, the amount of which cannot be computed; and that the stay pending appeal will not result in loss or damage to the plaintiff.

It is not contended that the injunction prevents all advertising by the defendant. Its apparent operative effect in this case is to restrain that form of advertising which is claimed to invite the public to deal directly with the laboratory without the authorization or order of a duly licensed dental practitioner. Indeed, the defendant does not urge that the injunction is not so limited. However, whether the quoted advertisement has that effect is a question relevant to the merits of the appeal. For present purposes it is proper to note that the defendant is attempting to assert that he will suffer an incalculable financial loss if he may not, pending appeal, be permitted to publish the quoted advertisement. At the same time he represents as a fact that in no event does he accept any orders for dental laboratory work except from or through duly licensed dentists. Under the stipulated facts it does not appear that the continued publication of the quoted advertisement pending appeal is essential to the preservation of the defendant's rights in the event of a reversal. The defendant's contention that he will suffer incalculable loss if, pending appeal, he must conform to the injunction, is not supported by the record he presents. It follows that the showing made by the petition does not justify the issuance of the writ sought.

The application is denied.

Gibson, C. J., Curtis, J., Carter, J., and Traynor, J., concurred.