[Civ. No. 18313. Second Dist., Div. One. Feb. 15, 1951.]

HARRY RUBIN, Respondent, v. AMERICAN SPORTSMEN TELEVISION EQUITY SOCIETY, INC. (a Corporation) et al., Petitioners.

Richard A. Perkins and W. M. Freiburghouse for Petitioners.

Cyril Moss and George Appell for Respondent.

DRAPEAU, J.—Plaintiff sought injunctive relief and $5,000 damages by his complaint filed October 13, 1950, which alleges among other things that he is a duly licensed promotor of wrestling matches conducted every Thursday evening in the Long Beach Municipal Auditorium in Long Beach, California. And that under an agreement of April 7, 1950, plaintiff gave the right to a certain corporation to televise these exhibitions at a compensation mutually agreed upon; that compensation for the television rights of the performing wrestlers is paid directly to them by the corporation. Plaintiff claims that the relationship between him and these wrestlers, insofar as their television activities are concerned, is that of independent contractors; that defendant corporation is not a labor organization and has no charter from any parent labor union, but was organized for the purpose of compelling membership therein of the professional wrestlers in this state. Also, that in furtherance of a "scheme to receive a percentage of the money paid to wrestlers for their television rights and to injure plaintiff in the conduct of his business," defendants have falsely pretended that a labor dispute exists between them and plaintiff, and between plaintiff and the wrestlers,

and on two separate occasions unlawfully established picket lines around the entrance to the Long Beach Municipal Auditorium, which picketing they have threatened to continue. That plaintiff in the conduct of such wrestling matches has built up a valuable and profitable patronage as promotor which has earned the good will of many patrons in Long Beach and adjacent territory. That many of these have refused to cross defendants' picket lines; and unless defendants are restrained from such picketing, "plaintiff will suffer irreparable financial injury thereby in loss of business and patronage, and will also lose the consideration he has heretofore received from the televising of said wrestling matches."

Order to show cause issued, and upon hearing thereon, a demurrer to the complaint was overruled, and a preliminary injunction was granted "during the pendency of this action, or until the final determination thereof, or until the court shall otherwise order," enjoining and restraining defendants from "forming a picket line around the Long Beach Municipal Auditorium, Long Beach, California, or patrolling the streets in front of said premises, in groups, or bearing signs at or around said premises, with the inscription 'Unfair to Organized Labor,' or words similar thereto, when plaintiff conducts wrestling contests therein." It was also ordered that plaintiff file an undertaking in the sum of $5,000.

Thereafter, defendants' motion to dissolve the preliminary injunction or to stay the same pending appeal was denied. Defendants then filed their notice of appeal from the order granting the injunction and also from the order refusing to dissolve the same. They are now before this court seeking a writ of supersedeas to stay the enforcement of the preliminary injunction pending appeal from the order granting it.

"The law governing issuance of the writ of *supersedeas* to stay operation of an injunction pending an appeal therefrom is well settled. If the injunction is mandatory in character, it is automatically stayed by the appeal, and upon a mistaken attempt of the trial court to enforce it, the appellant is entitled as a matter of right to issuance of the writ of *supersedeas*. If on the other hand the injunction is prohibitory, it is self-executing and its operation is not stayed by the appeal. . . . Even in the case of a purely prohibitory decree, however, where there is no automatic stay and the appellant is not entitled to a writ of *supersedeas* as a matter of right, this court has inherent power to issue the writ if such action is necessary or proper to the complete

exercise of its appellate jurisdiction. (*Ohaver* v. *Fenech, supra* [206 Cal. 118 (273 P. 555)] ; *People* v. *Associated Oil Co.,* 211 Cal. 93 [294 P. 717] ; *Goodall* v. *Brite,* 1 Cal.2d 583, 586 [36 P.2d 190] ; *Dry Cleaners & Dyers Inst.* v. *Reiss,* 5 Cal. 2d 306, 310 [54 P.2d 470] ; *Nuckolls* v. *Bank of California,* 7 Cal.2d 574 [61 P.2d 927] ; *Clayton* v. *Schultz,* 12 Cal.2d 703, 708 [87 P.2d 355].)'' *Food & Grocery Bureau* v. *Garfield,,* 18 Cal.2d 174, 176 [114 P.2d 579].

█ ''*Supersedeas* is not a writ of right, but is one resting in the discretion of the appellate court. . . . It is issued in aid of appellate jurisdiction, and finds sanction in sections 4 and 4b of article VI of the Constitution.'' (*Private Inv., Inc.* v. *Homestake Min. Co.,* 11 Cal.App.2d 488, 492 [54 P.2d 535].

And, as stated in 2 California Jurisprudence 465, section 217 : ''The statutory law gives no stay of proceedings upon a prohibitory injunction. In consequence, it is an open question in this state whether the appellate courts have power to stay the force of an injunction on the ground it is necessary or proper to the complete exercise of its appellate jurisdiction. Assuming jurisdiction to exist, that court will not, in a proceeding for such a stay, review the correctness of the lower court's determination that an injunction was essential or proper. The appellate court must, however, consider the rights of the respondent as well as of the appellant, and contemplate the possibility of an affirmance as well as a reversal. If, therefore, a stay can be granted only at the risk of destroying rights which will belong to the respondent if the judgment is affirmed, it cannot be said to be necessary or proper to the complete exercise of appellate jurisdiction. (*Hurlbert* v. *California-Portland Cement Co.,* 161 Cal. 239 [118 P. 928, 38 L.R.A.N.S. 436].)''

Said the court in *Food & Grocery Bureau* v. *Garfield, supra,* (18 Cal.2d 174, 177), the test to be applied by an appellate court in exercising its power to issue the writ is not ''a balancing of conveniences or hardships,'' but rather ''a consideration of the respective rights of the litigants, which contemplates the possibility of an affirmance of the decree as well as of a reversal.''

█ The petition for the instant writ contains many averments going to the merits of the appeal ; hence are not matters of concern in the instant proceeding. *French Art Cleaners* v. *State etc. Cleaners,* 88 Cal.App.2d 45, 47 [198 P.2d 91].

However, among other things, it is alleged that ''The preliminary injunction prevents Television Equity from publi-

cizing the facts of the dispute among the respondent's employees and patrons, seeking their support, and thereby gaining recognition and consequent benefits for its members and other professional athletes. . . . The whole object of the existence of Television Equity is thereby frustrated. Television Equity is a young organization, having been organized in 1949. Its small membership was growing when the preliminary injunction issued and stopped further progress. An organization such as this, new, unaffiliated, and still in the organization stage, is peculiarly vulnerable to being seriously injured or even destroyed by the improvident issuance of a crushing injunction such as this one. Reversal on appeal many months hence would not repair the damage done.''

■ It is quite obvious that the preliminary injunction complained of is prohibitory and not mandatory. Compliance with its terms does not require petitioners to do anything. They are merely required to refrain from picketing the Long Beach Municipal Auditorium during the hours when respondent is using it for his wrestling exhibitions, viz: Thursday evening of each week. It does not prevent them from proceeding to perfect their organization as a labor union, nor from soliciting membership therein, pending the final outcome of their appeal.

On the other hand, if the writ is granted and petitioners continue their picketing, respondent may well find himself out of business, catering, as he does, to a group of patrons who refuse to cross a picket line.

■■ The following statement from *Dry Cleaners & Dyers Inst.* v. *Reiss*, 5 Cal.2d 306, 310 [54 P.2d 470], appears particularly appropriate:

''The purpose of the writ of *supersedeas* is to maintain the subject of the action *in status quo* until the final determination of the appeal, in order that the appellant may not lose the fruits of a meritorious appeal. Conceding that this court has the power to issue such writ suspending the execution of a prohibitory injunction, no sufficient showing has been made in this proceeding which would justify the court in issuing the writ. The defendants are permitted to continue in business and to carry it on as before with the single exception that they must conform to the injunctive order of the court as to prices. No showing is made whatever that they, or either of them, will suffer irreparable injury, or any injury, whatever by meeting the conditions of the injunction. They therefore have not presented to this court a state

of facts sufficient to justify it in exercising its power in their behalf. (*Hulbert* v. *California Portland Cement Co.*, 161 Cal. 239, 246 [118 P. 928, 38 L.R.A.N.S. 436]; *Ohaver* v. *Fenech*, 206 Cal. 118, 124 [273 P. 555].)'' See, also, *Board of Dental Examiners* v. *Jameson*, 23 Cal.2d 689, 691 [145 P.2d 905].

The petition for the writ of supersedeas is denied.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied March 5, 1951, and petitioners' application for a hearing by the Supreme Court was denied April 12, 1951.