[Civ. No. 19874.   Second Dist., Div. One.   Oct. 1, 1953.]

WALTER WILKMAN et al., Respondents, v. LYLE H. BANKS et al., Appellants.

Don Lake and Val Linton for Appellants.

No appearance for Respondents.

THE COURT.—Defendants have petitioned for a writ of supersedeas under rule 49, Rules on Appeal (36 Cal.2d 37) to stay proceedings under an adverse judgment, pending determination of their appeal therefrom. The action filed in the superior court, being case 602619, alleged violation by defendants of certain deed restrictions of record by maintaining and operating a sanitarium on defendants' property, and prayed for a prohibitory injunction. Defendants interposed equitable defenses of changed conditions in the neighborhood, excessive and disproportionate hardship on defendants, and laches. Judgment was rendered for plaintiffs and was entered on May 26, 1953, enjoining defendants from conducting or permitting others to conduct a hospital or

sanitarium on the property described. Notice of appeal was filed July 23, 1953. No opposition to defendants' petition for a writ of supersedeas has been presented to this court by their adversaries, the plaintiffs in the case.

 A prohibitory injunction is self-executing and its operation is not stayed by the appeal.  This court has inherent power to issue a writ of supersedeas if such action is necessary or proper to the complete exercise of its appellate jurisdiction (*Rubin* v. *American Sportsmen etc. Soc.,* 102 Cal.App.2d 288 [227 P.2d 303].)  The test of whether appellate jurisdiction will be safeguarded is based upon a consideration of the respective rights of the litigants, which contemplates the possibility of affirmance as well as of reversal. (*Board of Dental Examiners* v. *Jameson,* 23 Cal.2d 689, 690 [145 P.2d 905].)  The purpose of the writ of supersedeas is to maintain the subject of the action *in statu qùo* until the final determination of the appeal, in order that the appellant may not lose the fruits of a meritorious appeal. (*Dry Cleaners & Dyers Institute* v. *Reiss,* 5 Cal.2d 306, 310 [54 P.2d 470].)

 From the nature of the proceedings in the trial court it is apparent that irreparable damage would be done to defendants in their business and that they would lose the fruits of a favorable determination on appeal if they were to be precluded in the meantime from continuing in their business of operating a sanitarium. There has been no claim interposed by the plaintiffs in the case that they would suffer further detriment or be left with an empty victory if defendants are permitted to continue to carry on their business until the appeal is decided. In this respect the case before us is quite different in its factual aspects from the many cases (such as *Ohaver* v. *Fenech,* 206 Cal. 118 [273 P. 555]) where positive additional harm would have been done by issuance of a writ of supersedeas.

It is ordered that a writ of supersedeas issue suspending enforcement of judgment in the above entitled and numbered action entered on the 26th day of May, 1953, pending final determination of the appeal therefrom.