[Civ. No. 28441. Second Dist., Div. One. July 14, 1964]

MARION TANNER DAVEY DONEN, Plaintiff and Respondent, v. STANLEY DONEN, Defendant and Appellant.

STANLEY DONEN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARION TANNER DAVEY DONEN, Real Party in Interest.

Kaplan, Livingston, Goodwin & Berkowitz, Harold D. Berkowitz, Bayard F. Berman and Charles M. Levy for Defendant and Appellant and for Petitioner.

Wright, Wright, Goldwater & Mack and Lloyd Wright for Plaintiff and Respondent and for Real Party in Interest.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

THE COURT.—Petition for writ of supersedeas to stay an order of superior court (1) directing the transfer of custody of children from the father to the mother, and (2) containing injunctive provisions.

The order was made on May 12, 1964, in a divorce action which was commenced in Los Angeles County in 1959, entitled *"Marion Tanner Davey Donen, Plaintiff,* vs. *Stanley Donen, Defendant."* An interlocutory decree of divorce in favor of plaintiff was entered on August 12, 1959. A property settlement agreement between the parties was approved by the court and incorporated in the decree. Also, pursuant to that agreement custody of the two children was awarded to the plaintiff. It was provided therein that defendant, petitioner herein, would have certain visitation rights and that all matters pertaining to the education, health and welfare of said children, other than routine matters, would be decided between the parties jointly. A final decree of divorce was entered August 15, 1960.

In September 1958, following the separation of the parties,

defendant became a resident of London, England. Defendant remarried in 1960, and now resides in London with his present wife, their child Mark, and her two children of prior marriages. Immediately after the entry of the interlocutory decree of divorce, plaintiff and the two children moved to Rome, Italy, where they resided until March 12, 1963. During this period the children attended American schools in Rome.

On September 14, 1962, while the children were present in England visiting the defendant, defendant commenced an action in the High Court of Justice, Chancery Division, in London, by which he sought to obtain care and control of the children, alleging changed circumstances relating to plaintiff's fitness and the welfare of said children which had arisen subsequent to the entry of the California decree. By virtue of defendant's originating summons in the proceeding in London the children became wards of the English court. An order of the English Court of Appeal, made October 2, 1962, granted plaintiff permission to remove the children from England and to return them to reside with her in Rome, until further order of the court. The order was conditional upon plaintiff's agreeing that until further order, Robert Wagner should not spend any night at her apartment or any place where she was residing with the children. The hearing in the custody action in London proceeded from February 25, 1963, to March 4, 1963, and both parties were present with English counsel.

The English court made its order on March 11, 1963, ordering, among other things, that the children remain wards of the court during minority or until further order; the care and control of the children was committed to the defendant, plaintiff to have access to the children at such times and places as the father and mother may agree. It was further ordered that the children "do attend as full boarders the Ludgrove School from 3rd May 1963" and that the defendant "is to be at liberty to make such arrangements for sending the said Infants to Stowe School as he may think fit." Plaintiff was ordered to deliver the children to defendant in England "on such date between 15th April and 26th April 1963 as she may by seven days notice in writing notify to the Father."

On March 12, 1963, without the knowledge or consent of defendant, plaintiff caused the children to be taken by aircraft from Rome to Los Angeles where they joined plaintiff at the home of her mother, and soon thereafter they were enrolled in the Buckley School in Los Angeles. Defendant

applied for and obtained, on March 13th, an order of the English court directing plaintiff forthwith to bring said children within the jurisdiction of said court and restraining her from sending said children to any school other than Ludgrove School. Said application was granted after a hearing at which plaintiff was represented by her counsel.

On March 29, 1963, defendant filed two applications in the California court: (1) an application in the divorce action for an order to show cause relative to modifying the custody order contained in the interlocutory and final decrees of divorce so as to give effect to the English custody judgment of March 11, 1963, and (2) a separate application for issuance of a writ of habeas corpus commanding plaintiff to deliver up said children to defendant, pursuant to the judgment of the English court. Said applications were heard on April 11, 1963.[1] Evidence was adduced by both parties and on April 16, 1963, plaintiff and defendant entered into a stipulation relative to the disposition of the applications, and the superior court made its order incorporating said stipulation. The order in the California divorce action provided, in part, that custody of the children was awarded to defendant, with the right of reasonable visitation to plaintiff, exercisable only in England; plaintiff was ordered to return the children to defendant in London on April 25, 1963; defendant was permitted to enroll the children as boarders at the Ludgrove School. In accordance with the stipulation of the parties, the order further provided, that the plaintiff shall have the right to apply to the superior court for a modification of the custody orders made herein, provided that such application shall be heard no earlier than September 30, 1963; that at the hearing on said application the welfare and best interests of the children shall be the primary issue before the court; and ''that on the condition said application by the plaintiff is brought on for hearing no later than March 30, 1964[2] the defendant, who is presently before this court, agrees to submit to the jurisdiction of this court, except that if plaintiff fails to deliver said children or either of them to defendant as herein ordered, defendant's aforementioned agreement shall be of no force and effect''; and ''that if this court awards custody

---

[1] It appears that an order to show cause re modification of said child custody provisions of the California decrees, issued at the instance of plaintiff, was also set for hearing on said date.

[2] This portion of the order was later modified extending the expiration date to 100 days beyond March 30, 1964.

to the plaintiff on the basis of an application properly brought on for hearing during said period, i.e. September 30, 1963 to March 30, 1964, defendant shall, following said hearing, forthwith deliver said minor children to plaintiff, pursuant to such award; provided, however, that defendant does not waive, and expressly reserves, his right of appeal and his right to seek a stay of any such order.''

In accordance with said orders, plaintiff returned the children to England and on May 3, 1963, they were enrolled at Ludgrove School, and since that time the children have been attending said school.

On September 26, 1963, plaintiff filed and served on defendant's California attorneys an order to show cause why the order of April 16, 1963, should not be modified so as to award the custody of the children to plaintiff. In an affidavit in support of said application, plaintiff stated that the change in circumstances justifying the requested change in the custody order was that ''your petitioner has married Robert Wagner, the ceremony having been on the 21 day of July, 1963 and the parties have purchased a house and established their home therein at 5001 Van Alden, Tarzana, California.''

About October 22, 1963, defendant filed with the English court an application for directions of the court as to the proper course to be followed, and set forth therein statements regarding occurrences subsequent to the English judgment of March 11, 1963, including the California order of April 16, 1963, which incorporated the stipulations of the parties. The court ordered that the said children be named as respondents in the English proceeding and appointed the Official Solicitor their guardian *ad litem*. On November 8, 1963, the Official Solicitor entered his appearance as guardian *ad litem* for the children in the English custody action.

Plaintiff's order to show cause, which issued in the superior court on September 26, 1963, was originally noticed for hearing on October 28, 1963. It is alleged in the within petition that defendant moved for postponement on the ground, among others, that he neeeded additional time to take depositions in England for use at said hearings; that on October 14, 1963, at the hearing on said motion, counsel for both parties stipulated to postponement to November 25, 1963; that defendant arrived in Los Angeles from London on November 21, 1963, to attend said hearing; that by reason of the illness of plaintiff's counsel the case was postponed to Jan-

uary 20, 1964. It is further alleged that, on defendant's motion, the hearing was further postponed, due to defendant's illness, to March 2, 1964; that on defendant's motion, the hearing was again continued to April 29, due to defendant's illness. An application by plaintiff for an order permitting her to take the children from England to spend the Easter vacation with her in California was granted. Then plaintiff obtained a similar order in the English court. Pursuant to said orders, the children visited plaintiff in California and were returned to England on April 25, 1964. They are presently in England.

On April 29, 1964, there was a further continuance to May 6, 1964, when the hearing was held. Petitioner alleges that by reason of his continued illness in London, he was physicially incapable of appearing at the hearing and he made a motion for a continuance. The motion was denied, and the hearing proceeded, defendant being represented by California counsel.

On May 12, 1964, the court entered the order which has brought about the within proceeding; changed the custody of said children from the father to the mother, such change to be effective August 1, 1964. By this order, the children are to complete their present term at Ludgrove School; upon such completion, defendant to have the right of visitation with the children in England or such other vacation site as he may designate, to and including August 19, 1964; defendant to send the children to plaintiff in Los Angeles so as to arrive no later than August 20, 1964; plaintiff may enroll said children in Buckley School commencing with the fall term in September 1964. The order contained provisions, *inter alia*, relative to visitation rights, supervision, school and health reports, followed by these injunctive provisions in paragraph 9 thereof:

*"Application to English Court*

"a. Defendant is ordered to make such appropriate application in the High Court of Justice, Chancery Division, in England, as he lawfully can do to accomplish the full implementation of this Order.

"b. Defendant is further ordered in connection with such Court proceedings as may be had in England involving the subject matter of this Order, to refrain, personally or through his agents, from opposing or attempting to frustrate in any way the accomplishment of this Order."

Defendant appealed from the order of May 12, 1964, and his motion for a stay was denied by the trial court. By the within petition, defendant seeks (1) a writ of mandate to compel respondent court to vacate paragraph 9 of its order, (2) a writ of prohibition to prohibit said court from enforcing said paragraph 9, and (3) a writ of supersedeas to stay the effect and enforcement of the entire order pending appeal.

Defendant contends (1) that the respondent court erred in denying his motion of March 4, 1964, for a stay of further proceedings; (2) error in the denial of his motion for a continuance of the May 6 hearing; (3) that respondent court abused its discretion in modifying the custody order because plaintiff did not allege or prove a sufficient change of circumstances since defendant was awarded custody to justify the modification, and that the evidence demonstrates that the welfare of the children would best be served by continuing in effect the present orders; (4) that the injunctive provisions are improper and in excess of the jurisdiction of the court.

■ "The issuance of a writ of supersedeas is a matter of discretion to be exercised by the court whenever it appears necessary and proper to preserve appellate jurisdiction. ... ■ Being discretionary, the writ will not be granted to maintain a status quo of the litigation unless the appeal presents substantial questions for decision [citations], and unless there is a probability that error has been committed. [Citations.]" (*Milne* v. *Goldstein,* 194 Cal.App.2d 552, 555 [15 Cal.Rptr. 243].) ■ The burden is upon petitioner herein to establish the necessity of the writ, as well as to show wherein the trial court abused its discretion in its denial of his motion for a stay. (*Saltonstall* v. *Saltonstall,* 148 Cal.App.2d 109, 114, 115 [306 P.2d 492].) ■ "It is not the function of such a writ to reverse, supersede or impair the force of, or pass on the merits of the judgment or order from which the appeal is taken; the validity of such judgment or order is to be reviewed on the appeal therefrom [Citations.] Its purpose is merely to suspend the enforcement of the judgment pending the appeal." (*Smith* v. *Smith,* 18 Cal.2d 462, 464-465 [116 P.2d 3].)

In opposition to the petition herein, real party in interest (plaintiff) states that "the test of whether or not such a stay should be granted by the appellate courts is not just a determination that substantial questions are presented and probable error appears in the record on appeal. The test, instead,

is whether the continuation of the existing custody, pending determination of the appeal, is in the best interest of the child." The real party in interest also refers to the rule stated in *Saltonstall* v. *Saltonstall, supra,* and in *Rude* v. *Rude,* 148 Cal.App.2d 793, 799 [307 P.2d 679], to the effect that the denial of a stay by the trial court should not be disturbed in the absence of a manifest abuse of discretion, and that if a stay could be granted only "at the risk of destroying rights which would belong to the respondent if the judgment is affirmed, it cannot be said to be necessary or proper to the complete exercise of appellate jurisdiction."

Pursuant to the provisions of Code of Civil Procedure, section 949a, an appeal does not stay proceedings as to those provisions of an order which change the custody of minor children; provided, however, the trial court may in its discretion, stay execution of such provisions pending review on appeal or for such other period or periods as to it may appear appropriate. The section further provides, "The appellate court shall have the power to issue a writ of supersedeas, injunction, or other appropriate writ or order in such proceedings as may be proper in aid of its jurisdiction." The written order of April 23, 1963, states that "if this court awards custody to the plaintiff on the basis of an application properly brought on for hearing . . . defendant shall, following said hearing, forthwith deliver said minor children to plaintiff, pursuant to such award; provided, however, that defendant does not waive, and expressly reserves, his right of appeal and his right to seek a stay of any such order." As stated by the court on April 16, its order of that date was the effective order, and the written order of April 23d was only for the convenience of court and counsel. At the hearing on April 16 there was an extensive discussion, at the time the stipulations were formulated, as to whether defendant, although reserving his right of appeal, would deliver the children to the mother, in the event of an award in her favor, pending an appeal. It was finally agreed that the defendant would deliver the children in accordance with the decree, provided the *trial court,* in its discretion, as provided in section 949a, does not grant a stay.

In view of the above stipulation it appears that defendant waived his right to a stay except as might be granted by the trial court.

Paragraph 9(a) of the order states that "Defendant is ordered to make such appropriate application in the High

Court of Justice, Chancery Division, in England, as he lawfully can do to accomplish the full implementation of this Order.'' This provision is in the nature of a mandatory injunction and is automatically stayed by the appeal. (See *Smith* v. *Smith, supra,* 18 Cal.2d 462, 465.) ▮▮ Although the denial of a writ of supersedeas on the ground that a statutory stay already exists ''is a conclusive legal determination, just as effective in its warning to the respondent as the issuance of a writ'' (see Witkin, Cal.Procedure, § 60, p. 2213), the writ has issued, despite a statutory stay, '' 'in a corrective capacity' in case of a violation or threatened violation of such stay'' (*Estate of Dabney,* 37 Cal.2d 402, 408 [232 P.2d 481]), or ''to set the matter at rest'' (*Podesta* v. *Linden Irrigation Dist.,* 132 Cal.App.2d 250, 261 [281 P.2d 905]). Although there is no indication that any action has been taken to enforce this order, the trial court indicated that defendant ''proceeds at his peril'' in England.

Paragraph 9(b) of the order directs the defendant, ''in connection with such court proceedings as may be had in England involving the subject matter of this Order, to refrain, personally or through his agents, from opposing or attempting to frustrate in any way the accomplishment of this Order.''

On May 14, 1964, plaintiff filed her application in the English court for an order modifying or ''varying'' the custody order that court made on March 11, 1963. The trial on such application in the English court has been scheduled for July 22 and 23, 1964.

It appears that under English law and practice, any variation of the English custody order of March 11, 1963, can be accomplished only by an application therefor and a full hearing upon the merits. A question is whether plaintiff should be allowed to present her evidence unopposed by the defendant.

Defendant alleges that a stay is imperative ''so that Petitioner can speak freely before the Chancery Master on June 26, 1964, can file his evidence in the English Custody Action, and can oppose Plaintiff's application at the July 22, 1964 English trial without the fear that by so doing he will be in contempt of Respondent Court's March 12, 1964 Order.''

▮▮ On June 25, 1964, this court issued its order to show cause why a writ of supersedeas should not issue, returnable July 8, 1964, and on the same date granted a temporary stay pending said hearing or until further order of this court. On said return day a hearing was had on the order to show

cause. A writ of supersedeas should issue, staying the enforcement of the injunctive provisions of paragraph 9(b) pending the final determination of defendant's appeal. In *Wilkman* v. *Banks*, 120 Cal.App.2d 521, 523 [261 P.2d 299], it is stated: "A prohibitory injunction is self-executing and its operation is not stayed by the appeal. This court has inherent power to issue a writ of supersedeas if such action is necessary or proper to the complete exercise of its appellate jurisdiction. [Citation.]" A stay of the judgment appealed from will not deprive plaintiff of her right to apply to the English court and present her case. It does not appear that the necessities of the case confer upon her the right to make such application unopposed, or that the defendant should be deprived of a right to appear and be heard in the English court, or that the English court should be asked to modify its existing order without affording the defendant an opportunity to offer evidence.

Let a writ of supersedeas issue staying enforcement of the injunctive provisions of paragraph 9 of the judgment pending the appeal. The petition for a writ of supersedeas staying the order regarding custody of the children is denied. The petition for a writ of prohibition or writ of mandate is denied.