[No. A023392. First Dist., Div. One. Aug. 20, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE W. BELL, Defendant and Appellant.

[No. A026699. First Dist., Div. One. Aug. 20, 1984.]

In re JOE W. BELL on Habeas Corpus.

**COUNSEL**

Linda F. Robertson, under appointment by the Court of Appeal, for Defendant and Appellant and Petitioner.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Dane R. Gillette, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—Defendant Joe W. Bell was charged (counts I and II) with attempted automobile burglaries (Pen. Code, §§ 664/459), and (count III) with possession of burglar's tools (Pen. Code, § 466). He was also charged with having suffered nine prior felony convictions. A jury convicted him on counts II and III, and he admitted the prior convictions. He has appealed from the judgment which was thereafter entered upon the jury's verdicts and his admissions. The appeal, and a related petition for a writ of habeas corpus, are now before us.

The judgment will be affirmed and the application for the writ of habeas corpus will be denied. We proceed to state our reasons.

We consider the several contentions of the appeal and writ application in the order stated, and as phrased, by Bell.

### The Appeal

I. *Contention*: "The admission of evidence that appellant had incurred a previous felony conviction was erroneous and prejudicial."

Bell had *previously* been convicted of second degree murder (Pen. Code, § 187), possession of a concealable firearm by one previously convicted of a felony (Pen. Code, § 12021), two charges of burglary (Pen. Code, § 459), and five charges of unlawfully taking an automobile (Veh. Code, § 10851).

Upon Bell's so-called *Beagle* motion out of the jury's presence, the trial court limited the prosecutor, in the event Bell should testify on his own

behalf, to the use for purposes of impeachment of one prior burglary conviction and one prior Vehicle Code section 10851 conviction.

Bell's instant contention is a broad assault upon article I, section 28, subdivision (f), of the state's Constitution, adopted June 8, 1982, as part of the so-called "Proposition 8," or "The Victims' Bill of Rights." The provision states: "*Any prior felony conviction of any person in any criminal proceeding,* whether adult or juvenile, *shall subsequently be used without limitation for purposes of impeachment* or enhancement of sentence *in any criminal proceeding.* When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." (Italics added.)

We shall accept, arguendo, Bell's hypothesis that the constitutional provision is here inapplicable, and resolve the instant contention, as did the trial court, under the less strict earlier rules of *People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1].

*Beagle* (p. 453) holds, as here relevant: ▆ "We do not purport to establish rigid standards to govern that which in each instance must depend upon the sound exercise of judicial discretion. We can and here indicate the more important factors that must be considered by trial courts. . . . 'In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence . . . generally have little or no direct bearing on honesty and veracity. A "rule of thumb" thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not. . . . A special and even more difficult problem arises when the prior conviction is for the same or substantially similar conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe "if he did it before he probably did so this time." As a general guide, those convictions which are for the same crime should be admitted sparingly. . . .' ▆ *No witness including a defendant who elects to testify in his own behalf is entitled to a false aura of veracity. The general rule is that felony convictions bearing on veracity are admissible.* " (Italics added.)

▆ Bell's prior convictions for murder and "ex-convict with a gun" had little or no bearing upon his veracity and were properly disallowed. His remaining prior convictions, for the burglary of a locked automobile and Vehicle Code section 10851 (auto theft) violations, *were* crimes bearing on

his veracity. But they were for the same type of crimes with which he was here charged.

The trial court ruled: "All right, the court weighing the prejudicial effect against probative value pursuant to section 352 feels that allowing all of these would be prejudicial to the defendant but the court feels that allowing one 10851 and one 459 would not prejudice this defendant and the probative value would be outweighed by the prejudicial effect. Therefore, I will allow impeachment of the defendant if the defendant takes the stand on the basis of the one prior 459 and 10851."

We observe a proper compliance with *Beagle,* and accordingly no error prejudicial to Bell. Of the seven prior convictions bearing on veracity, only two were allowed; they were thus "admitted sparingly." ■■■ And as also said by *Beagle*: "No witness including a defendant who elects to testify in his own behalf is entitled to a false aura of veracity."

II. ■■■ *Contention*: "Bell's trial counsel provided him constitutionally ineffective assistance by failing to make a motion under Penal Code section 995 to dismiss count I of the information in his case."

Bell was acquitted of the attempted burglary charged by count I and therefore, assuming error arguendo, he reasonably suffered no prejudice. "Anyone who seeks on appeal to predicate a reversal of conviction on error must show that it was prejudicial." (*People* v. *Archerd* (1970) 3 Cal.3d 615, 643 [91 Cal.Rptr. 397, 477 P.2d 421].)

III. ■■■ *Contention*: "The trial court erred in imposing part of the sentence for one enhancement and staying the rest."

The jury had found Bell guilty of *attempted* second degree burglary for which the penalty is one-half that which would be imposed upon conviction of the offense so attempted. (See Pen. Code, § 664.) The penalty for a completed second degree burglary is alternatively imprisonment, in the county jail, "*or in the state prison.*" (Pen. Code, § 461, subd. 2.) By virtue of Penal Code section 18, such an indefinite prison sentence shall be "16 months or two or three years," one-half of which would of course be 8 months or 12 months or 18 months. The trial court fixed Bell's sentence at the aggravated base term of 18 months.

Penal Code section 667.5, subdivision (b), provides that such a sentence shall be enhanced one year for each prior separate prison term for any felony (of which Bell had served at least four). But by virtue of Penal Code section 1170.1, subdivision (g), the total enhanced term of imprisonment

for Bell's nonviolent convictions "shall not exceed twice the number of years imposed . . . as the base term." In sentencing Bell, the trial court stayed execution of all of the enhancements, except for one and one-half years, thus to impose a total term of three years, i.e., "not to exceed twice the number of years imposed . . . as the base term."

Bell's instant contention as we understand it, is that the trial court erroneously stayed half of an enhancement, and that having done so, the whole of such modified enhancement must be stricken. Such a result would leave Bell with a two- and a half-year prison term, contrary to the trial court's purpose.

The contention is unsupported by authority or argument and, we opine, by reason or the manifest legislative intent. Such a stay gives effect to the general rule that a court ordinarily has inherent power, in its discretion, to stay proceedings when such a stay will accommodate the ends of justice. (Cf. *Sun-Maid Raisin Growers* v. *Paul* (1964) 229 Cal.App.2d 368, 374-375 [40 Cal.Rptr. 352]; *Donen* v. *Donen* (1964) 228 Cal.App.2d 441, 448 [39 Cal.Rptr. 547].)

### The Petition for the Writ of Habeas Corpus

I. ██ ██ *Contention*: "The failure of the police to dust the vans for fingerprints at Mr. Bell's request denied him due process of law."

██ Here Bell relies on the record of his appeal, and upon his sworn petition for the writ of habeas corpus. The point manifestly could have been raised on appeal and Bell makes no showing why he did not do so. "[H]abeas corpus will not lie as a substitute for an appeal nor as a second appeal." (*In re Lessard* (1965) 62 Cal.2d 497, 505 [42 Cal.Rptr. 583, 399 P.2d 39].)

██ And were we to treat the instant contention as being made on his contemporaneous appeal we should be obliged to reject it, for the point could and should have been, but was not, first raised in the trial court. (See Pen. Code, § 1259; *People* v. *Green* (1980) 27 Cal.3d 1, 22 [164 Cal.Rptr. 1, 609 P.2d 468]; *People* v. *Brawley* (1969) 1 Cal.3d 277, 294 [82 Cal.Rptr. 161, 461 P.2d 361].)

II. ██ *Contention*: "Mr. Bell's trial counsel provided him with ineffective assistance by her failure to obtain his prison identification card from his jail property and introduce it into evidence as impeachment of the police officers' testimony."

The contention is supported by Bell's uncorroborated declaration and by his following argument.

"Mr. Bell alerted his trial attorney to the whereabouts of his prison identification card and the means of showing that he had it on his person when stopped by the officers. This evidence, had it been presented at trial, would have impeached Officer Cleary's testimony that he had not seen such a card and corroborated Mr. Bell's theory that the officers placed him under arrest because they were aware that he had been in state prison and not because they had seen him tampering with any of the vans. Further, Mr. Bell's *Beagle* motion had already been denied, and he had testified about both his felony conviction record and the fact that he had presented the prison identification card to the officers, so that no tactical reason remained for keeping it out of evidence."

While the relevance of the absent evidence is unclear, nevertheless assuming arguendo error or related "ineffectiveness" of counsel, we opine in light of the strong showing of Bell's guilt that it was harmless under the criteria of the state's Constitution, article VI, section 13, *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243], and *Chapman* v. *California* (1966) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065].

The judgment of conviction is affirmed. The application for a writ of habeas corpus is denied.

Racanelli, P. J., and Holmdahl, J., concurred.

A petition for a rehearing was denied September 17, 1984, and on September 19, 1984, the opinion and judgment were modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied November 29, 1984.