WAGNER, Appellant, vs. CITY OF MILWAUKEE and others, Respondents.

*March 10—June 5, 1923.*

*Municipal corporations: Charter requirement that contracts be let to lowest bidder: Discretion of council: Determination as to cost or quality of material: Fixing minimum wages upon public work: Validity: Jurisdiction of courts.*

1. The provision of the charter of the city of Milwaukee that all work done and material purchased by the city exceeding in cost $200 shall be let to the lowest responsible bidder does not mean that the common council is bound to have such work done at the lowest possible cost.

2. While the common council of a city is but the trustee of the public, there is vested in it a wide field of discretion in carrying out its duties, and it, not the courts, has the power and responsibility of determining questions of legitimate general public policy and matters that affect the community as a whole.

3. A city council has the power to determine the grade or quality of material to be used in public work and is not required to select the cheaper rather than the higher priced material. A court may no more interfere with the exercise of the discretionary power of a city council in determining what shall be the grade, as measured by cost, of labor to be employed in public work, than it may interfere with the determination of the council as to the cost or price of material to be used.

4. The motives which may prompt a legislative body to act in any particular way within its powers are not within the field of judicial scrutiny even as to such subordinate legislative bodies as common councils.

5. If the result of the enactment of a city ordinance be an economic mistake and an improper burden upon the taxpayers, that result can be remedied by the ballot rather than by injunction.

6. An ordinance of the common council of the city of Milwaukee providing for a prevailing minimum wage scale (which is alleged to be the same as that fixed and maintained by the respective labor unions in the city) to be paid to all city employees engaged upon public work and by contractors and subcontractors to their employees on public work, is not so unreasonable, as a matter of law, as to be void, where it was the voluntary act of the city, subject to change at will as to subsequent contracts by a change in the personnel of the council or of its views.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

On July 24, 1922, the common council of the defendant city passed an ordinance providing for a prevailing minimum wage scale to be paid all city employees engaged upon public work and by contractors and subcontractors to their employees on public work.

It declared that the purpose of such ordinance "is to insure a living wage to all laborers employed on all city work." It provided that the employment of any person contrary to the provisions of said ordinance shall be deemed a separate and distinct violation of its provisions for each day so employed, and that any person, firm, or corporation violating the provisions of said ordinance shall, upon conviction, be punished by a fine of not to exceed $25, and in default of payment thereof by imprisonment in the house of correction for not to exceed ninety days.

The scale by said ordinance for the minimum wage for such labor was contained in a list of over forty different kinds of such labor and with minimum prices per hour for each respective kind, ranging from fifty-five cents per hour for building laborers as the lowest to $1.25 per hour for bricklayers on sewer work and modelers. It also contained a list of about eleven specified items for minimum compensation to foremen, varying from that of foremen of laborers at eighty-five cents per hour up to foremen of bricklayers at $1.37½ per hour.

Plaintiff, a resident taxpayer of the city, brought an action in equity on his own behalf and of all others similarly situated who may join as parties plaintiff, against the defendant city, its mayor, and other officers thereof, to have such ordinance declared null and void and the defendants restrained from taking any steps to enforce said ordinance or making the same any part of the contracts to be thereafter let by the city of *Milwaukee* for public work.

To such complaint the defendants demurred on the ground that such complaint does not state a cause of action.

Upon the hearing the demurrer was sustained and the temporary injunction theretofore made was vacated. The plaintiff not amending his complaint, judgment of dismissal was entered. From such judgment the plaintiff has appealed.

For the appellant there was a brief by *Lamfrom & Tighe*, attorneys, and *Leon B. Lamfrom* and *Fred R. Wright*, of counsel, all of Milwaukee, and oral argument by *Leon B. Lamfrom*.

For the respondents there was a brief by *John M. Niven*, city attorney, and *Charles W. Babcock*, assistant city attorney, and oral argument by *Mr. Babcock*.

The following opinion was filed April 3, 1923:

ESCHWEILER, J. It is alleged in the complaint that the scale of minimum wage as fixed by such ordinance is the same as that fixed and maintained by the respective labor unions in the city; that in many of the designated crafts, by reason of the rules of the labor unions, many workmen are designated as skilled laborers and therefore entitled to a higher rate of pay to accord with such designation, whereas in fact the work they are required to perform is but ordinary or common labor, and that by reason of the foregoing much of the public work done by and for the city is in fact done by ordinary common labor, but for which the city and its contractors, by reason of the ordinance and scale, pay and are required to pay at least seventy per cent. higher wages than common labor of equal efficiency could be employed except for such ordinance and scale by the city and such city contractors, and that by reason thereof at least $500,000 a year of such excess in labor is required to be paid by the city, thereby increasing the burden of taxes on its citizens; that as to such labor as is really skilled labor the minimum wage scale so fixed by the ordinance is on an average of at least forty per cent. in excess of the

Wagner v. Milwaukee, 180 Wis. 640.

ordinary prevailing wages in such trades or occupations for equally efficient and competent labor in said city; that under such ordinance contractors for public work under said city must pay over fifty per cent. more for common, unskilled labor than such could be obtained but for said ordinance; that the ordinance and the scale does not produce a higher degree of efficiency in public work and but adds additional expenditure to be borne by the taxpayers.

The complaint further recites that there is established in the said city an ordinance prohibiting the employment of labor on public-work contracts more than eight hours a day (such ordinance being the same as was held valid by this court in *Milwaukee v. Raulf,* 164 Wis. 172, 159 N. W. 819).

It further recites the provision of sec. 16, ch. V, of the charter of said city of *Milwaukee* providing in substance that all work done, material or supplies purchased exceeding in cost $200 shall be let by contract to the lowest bidder.

It is also asserted that the effect of such ordinance and scale, in connection with the eight-hour ordinance and the charter provision for letting work to the lowest bidder, renders the said charter provision practically nugatory by excluding bidders who but for such ordinances would be the lowest bidders.

It is alleged in the complaint and urged here that such ordinance is in violation of the state and federal constitutions in that, among other things, it interferes with the right of contract as to labor and it deprives the plaintiff and other taxpayers of property without due process of law and takes their property for public use without just compensation; that it does not insure a living wage to laborers employed on all city work, but is class legislation; that it is void because arbitrary and unreasonable.

This case now presents a question which was expressly reserved from determination in *Wagner v. Milwaukee,* 177 Wis. 410, 188 N. W. 487, where an ordinance fixing a substantially similar scale of minimum wage was declared in-

valid because held to be an express delegation by the common council of its right and power to determine such question, if such right and power it had, to an outside body or bodies, namely, the labor unions of the city of *Milwaukee*. For that reason, and that reason alone, as there stated, the former ordinance was declared invalid.

Upon the complaint as it now stands upon demurrer the effect of carrying out the provisions of the ordinance challenged here will be to largely increase the cost of public work to be done in the present and near future by the city of *Milwaukee* directly or through the letting of contracts, thereby adding to the burden of the expense of the municipal government and which burden must fall upon the taxpayers of the municipality.

As was pointed out in the *Raulf Case,* 164 Wis. 172, 159 N. W. 819, the charter provision that work shall be let to the lowest responsible bidder does not mean or require that the common council is bound to have such work done at the lowest possible cost. While it is true as stated in the former *Wagner Case,* 177 Wis. 410, 188 N. W. 487, the common council is but the trustee of the public, yet there is necessarily vested in it a wide field of discretion in the carrying out of its duties, and it, and not the courts, has the power, and the corresponding responsibility, of determining the questions of legitimate general public policy in matters that affect the community as a whole. It has the power of determining as to the grade or quality of the material that is to be used in public work, and there is no charter provision or rule of law which binds it to select the cheaper rather than the higher priced or valued material for public work, and we can see no ground for judicial interference with the exercise of the same discretionary power by the common council in determining as to what shall be the grade as measured by the cost, as to the labor to be employed, any more than as to the cost or price of material.

Assuming, as we are bound to, that the legislative discretion vested in and now exercised by the common council by

the enactment of the ordinance in question is the result of its legislative judgment, the courts cannot bring such exercise under their control and substitute something else therefor. The motives which may prompt a legislative body to act in any particular way within its powers is not within the field of judicial scrutiny either as to such subordinate legislative bodies as common councils (*Tilly v. Mitchell & Lewis Co.* 121 Wis. 1, 11, 98 N. W. 969), or the legislature (*State ex rel. Haswell v. Cram,* 16 Wis. 343, 347). If the effect of the ordinance be, as claimed by plaintiff, an economic mistake, a municipal extravagance, and an improper burden upon the taxpayers, it can be remedied rather by the ballot than by injunction.

The power thus existing in the common council to act upon the subject, the wage scale here involved, is not something forced upon the city by the legislature as was the situation in *People ex rel. Rodgers v. Coler,* 166 N. Y. 1, 59 N. E. 716, where the court held that the municipality could not be coerced by the legislature in the manner in which it would function in the doing of public work (p. 10). After an amendment to the constitution of New York its court of appeals held that thereby the legislature was empowered to fix the wages and salaries of all employees upon the public works, saying in *People v. Crane,* 214 N. Y. 154, 108 N. E. 427: "This authority embraces the direct increase of expense by increasing salaries beyond the minimum fixed by competition. It must also embrace the indirect increase of expense by regulations of employment tending to diminish competition." And again in a concurring opinion relating to the power to exclude aliens from being employed on public work (p. 175): "The statute is nothing more, in effect, than a resolve by an employer as to the character of his employees." This latter case and its companion, *Heim v. McCall,* 214 N. Y. 629, 108 N. E. 1095, were affirmed in 239 U. S. 195, 36 Sup. Ct. 85, and 239 U. S. 175, 36 Sup. Ct. 78. Being thus the voluntary act of the city, subject to change at will as to subsequent con-

tracts by change in personnel, or views, or both, of its governing body, the common council, we cannot say as a matter of law that it is so unreasonable as to be void. It is not like *Le Feber v. West Allis,* 119 Wis. 608, 97 N. W. 203, where the ordinance was an attempt to bind the municipality for thirty years to a lighting contract; nor as in *Eastern Wis. R. & L. Co. v. Hackett,* 135. Wis. 464, 115 N. W. 376, 1136, 1139, where there was an unreasonable, unnecessary, and arbitrary interference with property rights (p. 482); nor as in *Monroe v. Endelman,* 150 Wis. 621, 138 N. W. 70, where the city, under guise of exacting license fees, in effect prohibited the carrying on of a lawful business,—these cases being cited to us by appellant.

Finding no invasion of constitutionally secured rights of the plaintiff or other taxpayers under the ordinance here challenged the demurrer to the complaint was properly sustained.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 5, 1923.