[L. A. No. 14714.   In Bank.—October 2, 1934.]

O. P. GOODALL et al., Respondents, v. PERRY BRITE et al., Appellants.

Borton & Petrini, Thomas Scott, District Attorney, and W. A. McGinn, Assistant District Attorney, for Appellants.

Matthew S. Platz, Siemon, Claflin & Maas, Alfred Siemon and Finlayson, Bennett & Morrow for Respondents.

WASTE, C. J.—Appellants, defendants in this action, constituting the Board of Supervisors of Kern County, apply for a writ of *supersedeas*. More than ten years prior to the commencement of the action, Kern County, acting by and through a former board of supervisors, built, furnished and equipped a county hospital in said county, since its establishment, and now, generally known and designated as "Kern General Hospital". At all times during its existence, the expense of the operation of the hospital has been, and now

is, paid from county funds. It is contended by the plaintiffs, who are taxpayers in the county, that the defendants purpose and intend to use and employ their offices, and the control and authority which they have and hold by reason of their positions as members of the Board of Supervisors, to maintain, operate and conduct the hospital as a general hospital for the care, treatment and cure of persons who are residents of the County of Kern, without regard to whether such persons may be in any of the classes provided by law as being entitled to hospital treatment at public expense; that the defendants have, during the last ten years, conducted, and it is now their fixed and determined policy to conduct and operate the hospital at the cost and expense of Kern County for the general hospitalization, care and treatment of persons who are neither indigent sick persons, nor dependent poor persons, nor needy sick, dependent or partially dependent citizens in cases of emergency. The prayer of the complaint is that the defendants be perpetually enjoined from permitting admission into the hospital of persons other than those legally entitled, under the general law, to such care and treatment. Defendants answered the allegations contained in the complaint, and set out the conditions established by rules duly adopted by the board; the manner in which all persons needing treatment are admitted to the hospital; and further alleged that it was necessary, for the maintenance of the public health of the county, that a hospital be maintained therein equipped with complete and modern facilities, wherein, pursuant to the adopted rules, all persons having the financial capacity should pay for such care and treatment; and admitted that it was their intention and purpose to continue to conduct and manage the hospital in such manner unless restrained by order of the court.

On the issues joined, the court made its findings, substantially as alleged by the plaintiffs, and further found that the defendants have incurred, and are now incurring, great expense in the operation of the hospital, and paying the same from county funds; that the amounts received from persons able to pay for such treatments at the hospital, when received, are paid into the general fund of the county for the purpose of reducing the general tax rate, and are not used to maintain the hospital. On these findings, the trial

court entered its order restraining and enjoining the defendants from admitting or taking any person into the hospital or furnishing any medical, surgical or hospital care, treatment or service to any person in the hospital who is able himself or by others legally liable for his support to pay for or obtain proper or necessary medical or surgical hospital care for himself elsewhere than in the county hospital.

The findings, judgment and decree were duly given and made on December 4, 1933, and the decree was entered on December 5th. Notice of appeal was given on December 13th, on which date it appears the Board of Supervisors filed certain rules and regulations governing the management and control of the Kern General Hospital.

Since the issuance and service of the injunction, and the adoption of these rules, defendants have been charged in the court below with the violation of the terms of the injunction, and an order to show cause why defendants should not be punished for contempt of court has been issued thereon. Such proceeding in the matter of the alleged contempt is now pending for hearing and trial before the Superior Court of the County of Kern. Notwithstanding the fact that an appeal to this court from the order and decree of injunction has been taken, which will determine the merits of the matters on which said injunction has been granted, the defendants maintain that, in order to purge themselves of the pending charge of contempt, and to avoid similar future charges, it will be necessary for the defendants to change their plans, policies and methods of conducting the hospital in such manner as to disrupt the organization thereof, reduce the staff of physicians, nurses and other employees, permit extensive and costly installation of apparatus and machinery and appliances to remain idle, and deny the benefits of the hospital and its organization to many persons believed by petitioners to be entitled to such benefits, and who would be so entitled were this court to reverse the judgment of the lower court herein; that all of said results would bring irreparable injury to the hospital and to the people of Kern County and to patients and persons who would thus be denied the benefits of the hospital and its organization 'pending the appeal. On these grounds, the defendants prayed for an

order to show cause, which has been duly issued, directing the plaintiffs and others to show cause why a stay of proceedings should not be granted and a writ of *supersedeas* issued by this court staying further proceedings in said cause pending the determination and adjudication of the appeal now on file, together with an order staying all proceedings in the lower court pending the final determination of this application.

We deem it unnecessary to determine whether the injunction granted by the trial court is prohibitory or mandatory. It appears to partake of the nature of both. Any of its provisions that are mandatory are stayed by the appeal. Other portions appear to be sufficiently prohibitory to warrant a stay of proceedings pending the final determination, on the appeal, of the question whether or not the Board of Supervisors possesses the power to conduct the hospital in the manner found by the trial court. The policy controlling the conduct of the institution appears to be one of long standing. No doubt, to literally obey the mandate of the injunction would cause interruption and perhaps confusion in the organization and conduct of the hospital. Prompt action on the part of the parties will lead to an early hearing of the appeal.

It is therefore ordered that a writ of *supersedeas* issue staying all proceedings in this cause in the court below until the final determination by this court of the cause on appeal.

Shenk, J., Langdon, J., Curtis, J., Preston, J., and Spence, J., *pro tem.*, concurred.