[Civ. No. 8201.   Fourth Dist.   Dec. 24, 1965.]

DEEPWELL   HOMEOWNERS'   PROTECTIVE   ASSO-
CIATION et al., Plaintiffs and Appellants, v. CITY
COUNCIL OF THE CITY OF PALM SPRINGS et al.,
Defendants and Respondents; T. J. WHITE & ASSO-
CIATES, INC., Real Party in Interest and Respondent.

Henry V. Cleary for Plaintiffs and Appellants.

Slaughter, Schlessinger & Schlecht and Jerome J. Bunker, City Attorney, for Defendants and Respondents.

Louis K. Krall for Real Party in Interest and Respondent.

BRAY, J.*—Petitioners, Deepwell Homeowners' Protective Association, a nonprofit corporation, and several homeowners in Palm Springs, seek a writ of supersedeas to stay enforcement of a judgment of the superior court, entered after order sustaining demurrer to petition without leave to amend, and to restrain, pending final determination of the appeal therefrom, the granting of a conditional use permit approving site plans, permitting the razing of buildings and the construction of apartment units.

## Questions Presented

1. Does this court have jurisdiction to issue supersedeas?
2. Is supersedeas warranted?

## Record

The controversy arises out of a contemplated additional development of a 22-acre tract now known as the Deep Well Guest Ranch. The parcel is surrounded, with slight exception, by R-1 (single family dwelling) property. The homeowners resist the plan. The real parties in interest, respondent T. J. White and Associates, Inc., hereinafter referred to as "White", sought a conditional use permit from the Palm Springs Planning Commission primarily to build apartment buildings of more than one story in height on 22 acres of a 110-acre property, most of the other portion of which was divided into single family resident lots. The commission recommended to the city council the granting of the permit, subject to certain conditions. The council referred proposed changes in the conditions back to the commission.

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

The latter again recommended approval of the permit to the council subject to conditions. The council then approved the permit, without, however, the major conditions recommended by the commission. Petitioners opposed White at every stage of the proceedings. Petitioners then applied, under Code of Civil Procedure, section 1094.5, to the superior court for a writ of mandate to annul the resolutions granting the permit and to enjoin White from acting under it.

Respondents demurred to the amended petition and it was sustained by the court without leave to amend. Judgment in favor of respondents was entered. Petitioners thereupon appealed, and then brought this petition for writ of supersedeas. Respondents have appeared by demurrer, contending that the petition does not state facts to constitute a cause for supersedeas.

### *Jurisdiction*

Respondents contend that this court does not have jurisdiction to grant supersedeas because the trial court's judgment requires no issue of process for its enforcement and therefore there is nothing to stay.

Although there is authority to the effect that supersedeas will not lie where no process is required for the enforcement of the judgment appealed from (*Hulse* v. *Davis* (1927) 200 Cal. 316 [253 P. 136]), the inherent power of the appellate court will apply where the effect of the judgment, as here, is such that a stay is "necessary or proper to the complete exercise of its appellate jurisdiction [citations]" (*Food & Grocery Bureau* v. *Garfield* (1941) 18 Cal.2d 174 [114 P.2d 579]) and where denial of a stay would result in depriving an appellant of the fruits of his appeal should he be successful in securing a reversal of the judgment. (See *id.* p. 176.)

Volume 3 Witkin, California Procedure (1954), section 67, page 2231 points out that there was a period in which supersedeas to stay the operation of prohibitory injunctions had uniformly been denied, although the courts were uttering strong dicta to the effect that the power to issue it existed, but that commencing with *Goodall* v. *Brite* (1934) 1 Cal.2d 583 [36 P.2d 190], and following with other cited cases, the appellate courts granted supersedeas in prohibitory injunction cases because of their inherent power to do whatever is necessary to aid their appellate jurisdiction. So, too, the rule now is that in aid of their appellate jurisdiction the courts

will grant supersedeas in appeals where to deny a stay would deprive the appellant of the benefit of a reversal of the judgment against him, provided, of course, that a proper showing is made. On principle, it would be a terrible situation if in a proper case an appellate court were powerless to prevent a judgment from taking effect during appeal, if the result would be a denial of the appellant's rights if his appeal were successful.

In *West Coast etc. Co.* v. *Contractors' etc. Board* (1945) 68 Cal.App.2d 1 [155 P.2d 863], was an application for supersedeas on appeal of a superior court judgment denying a writ of mandate and thereby sustaining an order of the Contractor's State License Board of the Department of Professional and Vocational Standards revoking the petitioner's contractor's license. The superior court judgment was similar to the one in the case at bench in that it required no process to carry it into effect. Although the reviewing court denied the petition for supersedeas on the facts alleged, it recognized its power to issue supersedeas to stay such a judgment, saying "the right of appeal which is guaranteed petitioner by law is not merely the right to take an appeal, but as well the right to have from the appellate tribunal all writs which are necessary or proper to the complete exercise of the jurisdiction set in motion by the perfecting of the appeal. A writ of supersedeas will therefore issue in aid of appellate jurisdiction. Its purpose is to preserve to an appellant the fruits of a meritorious appeal, where they might otherwise be lost to him. It cannot, however, justly be said that the right of appeal is safeguarded if the court contents itself with a mere decision of the appeal, leaving the victorious party in the court below in either a civil or criminal case, to execute, in whole or in part, and during the pendency of the appeal, the judgment which is assailed by such appeal. The right of appeal would be but an empty thing if the appellate court could not, and in proper cases did not, afford to the appellant a means whereby the fruits of victory were fully preserved to him in the event of a reversal of the judgment against him.''

*Supersedeas is not warranted.*

Having the power to issue the writ, we proceed to determine whether, having in mind the applicable rule on supersedeas, the situation in this case warrants its issuance. The issuance of such writ is entirely discretionary with the

reviewing court. (*West Coast etc. Co.* v. *Contractors' etc. Board, supra,* p. 6.) ▮ It is incumbent upon the petitioner to show that substantial questions will be raised upon the appeal (*id.,* p. 6). Affirmances must be contemplated as well as reversals and the presumption is in favor of the lower court's decision. (*Nuckolls* v. *Bank of California Nat. Assn.* (1936) 7 Cal.2d 574, 578 [61 P.2d 927].) ▮ It is not the function of this court in passing upon an application for supersedeas to pass on the merits of the judgment appealed from; the validity of such judgment is to be reviewed on the appeal therefrom. (*Smith* v. *Smith* (1941) 18 Cal.2d 462, 465 [116 P.2d 3].)

▮ At the hearing of the demurrer to the petition for writ of mandate, there was before the court transcripts of all of the proceedings before both the planning commission and the city council[1] and the parties argued the sufficiency of the petition in the light of the proceedings had in the planning commission and the city council. In view of the procedure adopted by the parties, the trial court's ruling was, in effect, a determination that an examination of the proceedings before the planning commission and the city council showed substantial evidence to support the actions of the two bodies and negated any charges of irregularity set forth in the petition.

Ordinarily, on the hearing of a demurrer to a petition or complaint, its allegations must be deemed to be true. But such rule does not apply when, as here, the allegations of the petition were tested by the proceedings of the tribunals which were attacked.

It is not the province of this court on a petition for writ of supersedeas to pass upon the merits of the appeal (see *Smith* v. *Smith, supra* (1941) 18 Cal.2d 462). However, in exercising our discretion in this matter we have examined generally the proceedings before the challenged tribunals. From such examination and having in mind the presumption in favor of the trial court's action, the requirement that ''we must presume the truth of the findings of the trial court'' (*People* v. *Stutz* (1944) 66 Cal.App.2d 791 [153 P.2d 182]), that it is

---

[1]This procedure is provided for by section 1094.5, Code of Civil Procedure, which states, in part, ''All or part of the proceedings before the inferior tribunal, corporation, board, or officer, may be filed with the petition, may be filed with the respondent's points and authorities, or may be ordered to be filed by the court.''

incumbent upon the one who seeks the writ to show the necessity for the writ (*Private Investors, Inc.* v. *Homestake Min. Co.* (1936) 11 Cal.App.2d 488, 492 [54 P.2d 535]), we are constrained to deny the petition for the writ.

The application is denied and the preliminary stay order is discharged.

Brown (Gerald), P. J., and Coughlin, J., concurred.