540 P.2d 722

**F. C. Y. CONSTRUCTION AND EQUIP-
MENT COMPANY, INC., an Arizona
Corporation, et al., Petitioners,**

v.

**The SUPERIOR COURT of the State of
Arizona, IN AND FOR the COUNTY OF
YAVAPAI, the Honorable James HAN-
COCK, a judge thereof, and Harrison, Inc.,
a Minnesota Corporation, and Douglas A.
Russell, defendants and the real parties in
interest, Respondents.**

No. 1 CA–CIV 3177.

Court of Appeals of Arizona,
Division 1,

Department B.

Oct. 2, 1975.

Raineri, Jason & Schatz by Joseph C.
Raineri, Sr., Scottsdale, for petitioners.

Lewis & Roca by Roger W. Kaufman,
Phoenix, for Harrison, Inc., and Douglas
A. Russell.

## OPINION

WREN, Judge.

This special action arises from the refus-al of the Superior Court of Yavapai County to grant a stay of judgment pending appeal, except as to an award of costs. We accept jurisdiction and remand to the Superior Court to exercise its discretion in determining whether a stay should be granted and a supersedeas bond set.

The cause of action underlying this petition for special action was a claim by petitioners of part ownership in certain real property known as the Eleven Lakes Ranch. In addition to their complaint, petitioners filed a lis pendens on the property. The trial court granted summary judgment in favor of respondents, and specifically quashed the lis pendens, stating that it did "not constitute record notice of any legal claim to a lien or other interest in the title to the real property . . . nor gives notice of any cloud upon the title to the property." The judgment also awarded costs to respondents.

Petitioners appealed the order for summary judgment and moved to stay the execution thereof. A stay was granted and supersedeas bond fixed only as to the award of costs. The court refused to stay that portion of the judgment declaring the rights of the parties and quashing the lis pendens. It is the petitioners' contention that they were entitled to a stay of the entire judgment as a matter of right, pursuant to 16 A.R.S. Rules of Civil Procedure, Rule 62(d).

The language of Rule 62(d) is apparently mandatory upon the court, in that it gives an appellant the right to a stay subject only to the exceptions noted in Rule 62(a) as to injunctions and receiverships, and the approval and filing of a supersedeas bond. Under Rule 62(e) such a stay order precludes execution and all further proceedings on judgments appealed from. Respondents assert, however, that the judgment was self-executing in nature in

that it required no further action, execution or court proceedings, and was not therefore within the purview of Rule 62(d).

We agree that the judgment quashing lis pendens was self-executing in nature. We note, however, that while some jurisdictions hold self-executing judgments to be beyond the power of a judicial stay of execution, since supersedeas acts only to preclude further action by the trial court, and there is nothing upon which it can operate, other courts have construed supersedeas as extending to such judgments. Other courts have recognized certain exceptions to the general rule that self-executing judgments cannot be stayed. 4 Am.Jur.2d, *Appeal and Error* § 368 (1962).

In *Banach v. City of Milwaukee,* 31 Wis.2d 320, 143 N.W.2d 13 (1966), the Wisconsin Supreme Court considered the power of the trial court to stay further action by the City pending appeal, when the judgment rendered was self-executing in dismissing plaintiff's complaint, and there was no statute specifically authorizing a stay. In upholding the trial judge's authority to grant a stay the Court considered the relative hardships on the parties:

> "[A] stay should be granted when necessary to preserve the *status quo,* where the appeal presents debatable questions of law, where substantial rights are to be affected, and where it can be granted without depriving the defendant of a substantial right." Id. at 18.

*Banach* noted that the City was not harmed by the stay; that it was not required to perform any affirmative acts, and that it was important to the plaintiffs to maintain the *status quo.* "[T]he trial court in the exercise of its inherent equitable power should be allowed to preserve the *status quo* to insure that equity will not be denied plaintiffs if they should be successful on appeal." Id. at 18. *See also, People ex rel. San Francisco Bay Conservation and Development Com'n v. Town of Emeryville,* 69 Cal.2d 533, 72 Cal.Rptr. 790,

446 P.2d 790 (1968); *Deepwell Homeowners' Protective Ass'n v. City Council,* 239 Cal.App.2d 63, 48 Cal.Rptr. 321 (1965); *In re Workman's Estate,* 156 Or. 333, 65 P.2d 1395 (1937); *Palmer v. Harris,* 23 Okl. 500, 101 P. 852 (1909); *Merchants' Warehouse Co. v. United States,* 283 U.S. 501, 51 S.Ct. 505, 75 L.Ed. 1227 (1931).

While no Arizona cases, absent statutory authorization, have dealt with the inherent equitable powers of the courts to grant stays, the converse has been approved. In a child custody case, the Arizona Supreme Court carved out an exception to the mandatory granting of a stay upon the posting of a supersedeas bond under Rule 62(d). *Young v. Bach,* 107 Ariz. 180, 484 P.2d 176 (1971), held that a trial court is not required to allow a party to retain custody of a minor child pending appeal upon the posting of a supersedeas bond. The decision noted that the result reached evolved from a consideration of such factors as the rarity of reversal of such decisions and the health and well being of the minor child.

The exercise of an inherent equitable power to refuse to grant a stay authorized by statute in a situation where it might operate to the serious detriment of a minor child, can be analogized to the power recognized in other jurisdictions to grant a stay absent an authorizing statute " 'where to deny a stay would deprive the appellant of the benefit of a reversal of the judgment against him, provided, of course, that a proper showing is made' " *People ex rel. San Francisco Bay Conservation and Development Com'n v. Town of Emeryville,* 72 Cal.Rptr. at 792, 446 P.2d at 792, quoting *Deepwell Homeowners' Protective Ass'n v. City Council,* 48 Cal.Rptr. 321 (1965).

We conclude, therefore, that the trial court in its discretion, may grant a stay upon a judgment quashing lis pendens when there is a proper showing of necessity. Since the record before this Court is silent as to whether the trial court considered the matter as within its discretionary power, and the briefs of counsel seem to

reflect that the court did not so consider, we feel that it should be referred back for appropriate findings and determination consistent herewith.

Remanded.

HAIRE, C. J., Division 1, and NELSON, P. J., Department C, concur.