[L. A. No. 26993. In Bank. Sept. 18, 1962.]

MICHAEL WIND et al., Plaintiffs and Respondents, v. BENJAMIN S. HITE, as Registrar of Voters, etc., Defendant and Appellant; THE PEOPLE, Intervener and Appellant.

Harold W. Kennedy, County Counsel, and Edward H. Gaylord, Assistant County Counsel, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Burton J. Gindler, Deputy Attorney General, for Intervener and Appellant.

Ball, Hunt & Hart, Loeb and Loeb, Pearlson & Pearlson, John E. Sisson, John E. Sisson, Jr., Dudley Gray, William Kurtz, Toshiro Hiraide and Herman F. Selvin for Plaintiffs and Respondents.

THE COURT.— Plaintiffs sought and obtained a preliminary injunction restraining defendant, the Registrar of Voters of Los Angeles County, from submitting to the voters a proposition which, if adopted, would prohibit the playing of draw poker in that county. Defendant and the intervener, the People of the State of California, have noticed an appeal to this court and have filed an application for a writ of supersedeas. The injunction is clearly prohibitory in character, and supersedeas is the proper remedy. (*Food & Grocery Bureau, Inc.* v. *Garfield,* 18 Cal.2d 174, 177 [114 P.2d 579]; see 3 Witkin, California Procedure (1954) pp. 2208, 2210.)

The sole basis for the preliminary injunction was the trial court's conclusion that section 337s of the Penal Code (enacted in 1962 at the First Extra Session) is unconstitutional.[1]

The ballot must be printed by September 27, 1962. The record on appeal has not been filed, and the parties are entitled to specified periods of time for the submission of briefs after the record has been filed. (Cal. Rules of Court, rule 16(a).)* It is obviously impractical to dispose of the issues raised by the appeal within the time available.

---

[1]Section 337s of the Penal Code provides in part: "(a) This section applies only in counties with a population exceeding 4,000,000. (b) Every person who deals, plays, or carries on, opens, or causes to be opened, or who conducts, either as owner or employee, whether for hire or not, any game of draw poker, including lowball poker, is guilty of a misdemeanor. (c) Subdivision (b) shall become operative in a county only if the board of supervisors thereof by resolution directs that there be placed on the ballot of a designated county election the question whether draw poker, including lowball poker, shall be prohibited in the county and a majority of electors voting thereon vote affirmatively. Such question shall appear on the ballot in substantially the following form: 'Shall draw poker, including lowball poker, be prohibited in ....................County? Yes......... No........ ' If a majority of electors voting thereon vote affirmatively, draw poker shall be prohibited in both incorporated and unincorporated territory in the county."

*Formerly Rules on Appeal, rule 16(a).

Moreover, it should be noted that on August 10, 1962, application was made directly to this court in *Jensen* v. *Hite*, L.A. 26956, for mandamus to compel the Registrar of Voters to omit from the ballot the proposition now before us. That petition, which challenged the constitutionality of section 337s of the Penal Code, was unanimously denied by this court on August 15, and the present proceeding was instituted in the Superior Court of Los Angeles County thereafter. We are still of the view that we should not interfere with the exercise of the electorate's franchise for the purpose of determining the question of constitutionality, a matter which can, if necessary, be more appropriately passed upon after the election.

For the foregoing reasons all proceedings, including enforcement of the preliminary injunction, are stayed. This decision is final forthwith.