[Sac. No. 7626.   In Bank.   Nov. 18, 1964.]

D. KEVELIN et al., Petitioners, v. FRANK M. JORDAN, as Secretary of State, Respondent.

Nossaman, Thompson, Waters & Moss, Laughlin E. Waters, Conrad J. Moss, William L. Scott and Hughes, Hubbard, Blair & Reed for Petitioners.

Thomas C. Lynch, Attorney General, Charles A. Barrett, Assistant Attorney General, and James Ganulin, Deputy Attorney General, for Respondent.

Loeb & Loeb, Herman F. Selvin and Richard Ruman as Amici Curiae on behalf of Respondent.

THE COURT.—In this proceeding petitioners seek a writ of mandate directing respondent Frank M. Jordan, Secretary of State of the State of California, not to file in his office a statement of the vote on Proposition 15, which was submitted to the voters at the general election on November 3, 1964. Proposition 15 is an initiative measure entitled ''An Act to Preserve Free Television in California.'' Petitioners contend that the title of the measure is defective and that it violates various provisions of the United States Constitution and the California Constitution.

Article IV, section 1, of the California Constitution and section 18756 of the Elections Code impose on the Secretary of State the clear ministerial duty to file a declaration or statement of the vote on measures submitted to the people. They do not empower him to refuse to do so with respect to any particular measure on the ground that the measure is invalid. (*Wright* v. *Jordan,* 192 Cal. 704, 709-710 [221 P. 915].) Moreover, since the filing of the declaration of the vote does not entail any substantial expenditure of public funds and is the last step required to put ballot measures into effect, it is an integral part of the legislative process with which this court cannot properly interfere. (*Santa Clara County* v. *Superior Court,* 33 Cal.2d 552, 558 [203 P.2d 1].) Regardless of how clearly a statute's unconstitutionality appears, it would be an intolerable interference with the coordinate branches of government to invoke the judicial power to prevent the Legislature from recording its vote on a statute or from submitting it to the Governor for his signature, or to prevent the Governor from signing it, or to prevent the Secretary of State from filing it as required by law. (Cal. Const., art. IV, § 16; Gov. Code, §§ 9510, 9514, 9516.) It would likewise be an intolerable interference with the people's reserved legislative power to prevent the official recordation of their vote.

The petition for a writ of mandate is denied without prejudice to petitioners' right to challenge the constitutionality of the measure in any appropriate proceeding after it goes into effect.