TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 92-104 |
| of | : | |
| | : | MARCH 31, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. DaVIGO | : | |
| Deputy Attorney General | : | |
| | : | |

This office has been requested to grant leave to sue in quo warranto upon the following:

ISSUES OF FACT OR LAW

1. Is quo warranto an appropriate remedy for testing the validity of a proposed statewide initiative?

2. Would such an action be in the public interest (a) prior to the submission of the initiative measure to the electorate, or (b) prior to the resolution of the same issues now pending before the Public Employment Relations Board?

DISPOSITION

1. Quo warranto is not an appropriate remedy for testing the validity of a proposed statewide initiative.

2. Such an action would not be in the public interest (a) prior to the submission of the initiative measure to the electorate, or (b) prior to the resolution of the same issues now pending before the Public Employment Relations Board.

PARTIES

BRUCE J. BLANNING et al. ("relators") contend that PETE WILSON, Governor of the State of California ("defendant") has exceeded his constitutional and statutory authority in proposing a constitutional initiative without first engaging in collective bargaining negotiations with recognized state employee organizations.

MATERIAL FACTS

Defendant has proposed an initiative denominated the "Government Accountability and Taxpayer Protection Act of 1992," which would amend the Constitution and laws of California in a manner which, for purposes of this opinion, would concededly affect the wages, hours, terms, and conditions of employment of state employees. Defendant did not meet and confer with state employee organizations in connection with the proposed initiative.

PRINCIPAL CONTENTIONS

Relying upon Government Code section 3516.5,[1] relators contend that defendant was obligated to meet and confer with them prior to proposing the initiative at issue. Section 3516.5 provides as follows:

> "Except in cases of emergency as provided in this section, the employer shall give reasonable written notice to each recognized employee organization affected by any law, rule, resolution, or regulation directly relating to matters within the scope of representation proposed to be adopted by the employer, and shall give such recognized employee organizations the opportunity to meet and confer with the administrative officials or their delegated representatives as may be properly designated by law."

Defendant contends that whether as Governor he should be constitutionally authorized to affect state employee salaries in response to a fiscal emergency is a matter of fundamental policy not within the scope of representation. In this regard, section 3516 provides as follows:

> "The scope of representation shall be limited to wages, hours, and other terms and conditions of employment, except, however, that the scope of representation shall not include consideration of the merits, necessity, or organization of any service or activity provided by law or executive order."

ANALYSIS

APPROPRIATE REMEDY

The first issue to be addressed is whether a quo warranto proceeding would provide an appropriate forum for examining the validity of a proposed statewide initiative. In 74 Ops.Cal.Atty.Gen. 77, 78 (1991), we pointed out that quo warranto would be an appropriate remedy by which to challenge the validity of a city or county charter. (See *The People* ex rel. *Seal Beach Police Officers Assn.* v. *City of Seal Beach* (1984) 36 Cal.3d 591, 595; *County of Santa Clara* v. *Hayes Co.* (1954) 43 Cal.2d 615, 618; *International Assn. of Fire Fighters* v. *City of Oakland* (1985) 174 Cal.App.3d 687, 694; *Oakland Mun. Imp. League* v. *City of Oakland* (1972) 23 Cal.App.3d 165, 169.)

Our attention has not been directed, however, to any precedent for the employment of this remedy to test the validity of a proposed statewide initiative. The statutory authority for a quo warranto action brought by the Attorney General is found in Code of Civil Procedure section 803 as follows:

---

[1]All section references hereafter are to the Government Code unless otherwise specified.

"An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise, or against any corporation, either de jure or de facto, which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state. . . ."[2]

We find no basis in the above statute or in any judicial decision for the invocation of a quo warranto action in connection with a challenge to the validity of a statewide initiative. (See, e.g., *American Federation of Labor v. Eu* (1984) 36 Cal.3d 687 [writ of mandate challenging validity of proposed "Balanced Federal Budget Statutory Initiative"]; *Legislature v. Deukmejian* (1983) 34 Cal.3d 658 [writ of mandate against Governor to restrain expenditure of public funds for initiative to realign legislative and congressional districts]; *Brosnahan v. Eu* (1982) 31 Cal.3d 1 [writ of mandate to prohibit placement of "The Victims' Bill of Rights" initiative on ballot]; *Kevelin v. Jordan* (1964) 62 Cal.2d 82 [mandamus to prohibit filing of statement of vote for "An Act to Preserve Free Television in California"]; *California Trial Lawyers Assn v. Eu* (1988) 200 Cal.App.3d 351 [writ of mandate challenging validity of proposed "Insurance Cost Control Initiative of 1988"].)

The writ of quo warranto is not an appropriate remedy for the relief sought, and for that reason alone, the application for leave to sue is DENIED.

PUBLIC INTEREST

Even assuming that quo warranto were an appropriate remedy, granting relators' application would not, under the circumstances presented, be in the public interest. In this regard, leave to sue will be granted where there is a substantial question of law or fact which requires judicial resolution, and where the action in quo warranto would serve the overall public interest. (75 Ops.Cal.Atty.Gen. 10, 11 (1992).)

A. Prior to Passage by Electorate

Judicial action to test the validity of an initiative measure in the midst of the electoral process is not favored. In *Mulkey* v. *Reitman* (1966) 64 Cal.2d 529, for example, in considering the constitutionality of an initiative measure, the court noted that it had previously ruled "`it would be more appropriate to pass on those questions after the election . . . than to interfere with the power of the people to propose laws and amendments to the Constitution and to adopt or reject the same at the polls . . . .'" (*Id.* at 535; see *Wind* v. *Hite* (1962) 58 Cal.2d 415, 417.)

In *Kevelin* v. *Jordan, supra,* 62 Cal.2d 82, the court held that, regardless of how clearly an initiative measure's unconstitutionality may appear, it would be an intolerable interference with the people's reserved legislative power to prevent the official recordation of their vote on such a proposition by the Secretary of State, and consequently a writ of mandate directing the Secretary of State not to file a statement of the vote was denied without prejudice to the right to challenge the measure's constitutionality after it went into effect. (*Id.* at 83; see *Brosnahan v. Eu, supra,* 31 Cal.3d at 4.)

---

[2]Although the writ of quo warranto was abolished in California in 1872, we and the courts continue to use the term "quo warranto" for convenience in describing the action authorized by Code of Civil Procedure section 803. (See *International Assn. of Fire Fighters* v. *City of Oakland, supra,* 174 Cal.App.3d at 693, fn. 10.)

While judicial deference to the electoral process is neither universal nor jurisdictional (see *Citizens for Responsible Behavior v. Superior Court* (1991) 1 Cal.App.4th 1013, 1021-1023 [proposed ordinance both substantively invalid and beyond the power of the electorate to enact]; *California Trial Lawyers Assn. v. Eu, supra,* 200 Cal.App.3d at 357 [single subject violation "may not be submitted to electors"; Cal. Const., art. II, § 8, subd. (d)]), if an action were authorized at this stage of the electoral process to challenge the initiative in question, the court would, in our view, reach the same result as in *Mulkey* and *Kevelin*.

## B.  Prior to Resolution of Pending Administration Proceeding

We are advised that the same issues sought to be presented to a court by the relators' application here are now pending in a proceeding before the Public Employment Relations Board. Specifically, the underlying issue whether defendant was required to meet and confer with state employee organizations prior to proposing this statewide initiative measure was appealed to the board and is now pending.  It is obvious that the board has initial or primary, if not exclusive, jurisdiction in the premises over what is essentially a charge of unfair labor practice. (§ 3514.5; *San Jose Teachers Assn. v. Superior Court* (1985) 38 Cal.3d 839, 863; *Pacific Legal Foundation v. Brown* (1981) 29 Cal.3d 168, 198; *San Diego Teachers Association v. Superior Court* (1979) 24 Cal.3d 1.)[3]

While the availability of alternative remedies does not always preclude an action in quo warranto as a matter of law (see *Citizens Utilities Co. v. Superior Court* (1976) 56 Cal.App.3d 399, 404-405), we have considered the existence of such alternatives in the context of the public interest (74 Ops.Cal.Atty.Gen. 31, 32 (1991); 12 Ops.Cal.Atty.Gen. 340, 342 (1949)).  Where such alternatives have been undertaken, we do not deem it within the public interest to try the same issues in multiple proceedings.  (74 Ops.Cal.Atty.Gen., *supra*, at 32; 73 Ops.Cal.Atty.Gen. 188, 190 (1990).)

It is determined that the application for leave to sue should be and is hereby DENIED.

\* \* \* \* \*

---

[3]The board's construction of a statutory provision falling squarely within its legislatively designated field of expertise is to be regarded with deference by a court and will generally be followed unless clearly erroneous. (*Highland Ranch* v. *Agricultural Labor Relations Bd.* (1981) 29 Cal.3d 848, 859; *People* v. *McGee* (1977) 19 Cal.3d 948, 961; 72 Ops.Cal.Atty.Gen. 25, 29, fn. 4 (1989).)